A. PECKINBAUGH, T. C. HOYT, AND GEORGE E. TAYLOR,
PLAINTIFFS IN ERROR, V. ALICE QUILLIN, DEFENDANT IN
ERROR.

1. Mortgaged Chattels: CONVERSION: MORTGAGEE'S REME-
DIES. Where mortgaged chattels have been wrongfully seized
and sold at the suit of a creditor of the mortgagor, the mortgagee
has a choice of remedies : he may either replevy them, or recover
their value at the time of the conversion in an action for dam-
ages.

2. ———: ———: DAMAGES: EVIDENCE. In an action for the
recovery of damages for the conversion of chattels, the full
market value is. the measure, and this can be properly ascer-
tained only by the testimony of witnesses possessed of sufficient

information to enable them to give intelligent opinions upon the subject.

3. ———: ———: INTEREST OF MORTGAGOR: ATTACHMENT. It is only when the mortgagor has a certain ascertained right of possession for a definite period, that he has an attachable interest in the goods.

4. ———: ———: ATTORNEY LIABLE, WHEN. When an attorney, in an attachment suit, in addition to his ordinary duties in suing out the writ, specially advises and directs the illegal seizure of property, and assists in its conversion by being present at the sale, and bidding off portions of it for his client, his liability is equal to that of the officer by whom the seizure and sale were made.

ERROR to the district court for Richardson county. On trial there before WEAVER, J., Quillin had judgment, and defendant brought cause here for review on a petition in error.

*T. C. Hoyt* and *C. Gillespie,* for plaintiff in error.

*A. Schoenheit* and *E. W. Thomas,* for defendant in error.

LAKE, CH. J.

The petition states a good cause of action for the conversion of the property in question, and the several demurrers to it were properly overruled. No reason in support of either of said demurrers is given by counsel, and we will not discuss them. It is claimed that the court erred in striking out a part of the answer.

The action was brought to recover damages alleged to have been sustained by the plaintiff below as mortgagee of personal property, which the defendants below had converted to their own use. As to the fact of conversion it was answered, in substance, that the mortgage was fraudulent as to the creditors of John Quillin, the mortgagor, of whom the defendant Peckinbaugh was one. That the alleged conversion consisted merely of an attach-

ment and sale of the property in satisfaction of a debt due from said John Quillin to said Peckinbaugh, in which proceedings the defendants, Hoyt and Taylor, severally acted in the capacity of attorney and constable. It was also answered, in substance, and this is what was stricken out, that only the interest of the mortgagor was sold, and that the whereabouts of the property was well known to the plaintiff when she brought her action for the conversion. These averments were entirely immaterial. But even if they were material there would be no just ground of complaint, for the reason that substantially the same statements are made in the amended answer and there stand without objection. The theory of the plaintiffs in error upon this branch of the case seems to be that, because the property was still accessible to the mortgagee, and could have been replevied by her from the purchasers under the attachment sale, she was bound to pursue that course for redress. In this however we think they are mistaken. She had her election of remedies and could either replevy the property from the several purchasers, or recover its value in an action for the conversion. Jones on Chattel Mortgages, 556. *Eggleston v. Munday*, 4 Mich., 295. Our ruling upon this point is a sufficient answer to several other similar questions raised during the trial as to the admissibility of certain evidence, and upon the charge to the jury.

The claim of the plaintiffs in error that the mortgagor had an interest in the mortgaged property subject to sale on execution, and therefore attachable, cannot be sustained. In Jones on Chattel Mortgages, 556, it is said that: " It is only when the mortgagor has a certain ascertained right of possession for a definite period that an execution can be levied upon his interest. A mere equity of redemption, or a mere permissive possession, which the mortgagee may terminate at his pleasure, whenever he consider it necessary for his security, is not the sub-

ject of a levy and sale except by virtue of some statute. After default, when the mortgagee * * has the right to take possession and sell, the mortgagor's interest cannot be levied upon, * * there is not left in the mortgagor such a possessory right or interest as is capable of being seized and sold under execution against him; and the rule is the same although the mortgagor be allowed to remain in possession after the default, for in judgment of law he is in possession merely by sufferance, and as the bailee of the mortgagee. * * * If the mortgaged goods be attached, or seized upon execution while they are in the mortgagor's possession, the mortgagee may, whenever entitled to possession by the terms of the mortgage, recover possession from the officer, just as he might have recovered possession of the mortgagor if he had retained possession, or may sue him for the conversion." And in Drake on Attachments, sec. 539, the rule is stated thus: "The interest of a pledger or mortgagor is the mere equitable right of redemption by paying the debt or performing the engagement, for the payment or performance of which the property was pledged or mortgaged. Hence personalty so situated is not subject to sale under execution, and therefore not attachable."

The rule, thus stated, is entirely applicable to the mortgage in question, which was given in Brown county, Kansas, where the parties to it resided, and the property was by its terms required to be kept. Respecting the possession of the property it contained this provision, viz: "The property sold is to remain in possession of the party of the first part (the mortgagor), until default be made in the payment of the debt and interest aforesaid, or some part thereof; but in case of a sale or disposal, or attempt to sell or dispose of the same, or a removal of, or attempt to remove the same from said premises, or an unreasonable depreciation in the value, or if from any cause the security shall become inadequate, the said party of the

second part (the mortgagee), may take said property or any part thereof into her own possession," etc.

The testimony shows, and it is not disputed, that the mortgagor had removed that portion of the property here in controversy "from said premises" by bringing it into Richardson county, in this state, where it was attached as belonging to him. This gave to the mortgagee the right to the immediate possession, which was duly demanded, and of which the plaintiffs in error had notice before the sale under the attachment was made. Therefore, if the mortgage were not fraudulent as to the attachment plaintiff, and therefore void as to him, no attachable interest remained in the mortgagor, and the property was wrongfully converted. The question of the good faith of the parties to the mortgage was fairly submitted to the jury, and we see no reason for doubting the correctness of the conclusion reached that it was a valid security.

Another ground of alleged error is the refusal of the court to admit evidence as to what the property sold for under the attachment proceedings. It is claimed that what it brought at that sale was competent evidence of its real worth. This evidence was rightly excluded. The mortgagee was not a party to that sale, nor was she bound by it in any particular. It was shown very clearly that the mortgaged property, at the highest value put upon it by any witness, was insufficient to satisfy the debt it was given to secure. The measure of her damages therefore, in case she recovered, was its full market value at the time of the conversion, which could be properly ascertained only by the testimony of witnesses possessed of sufficient information to enable them to give intelligent opinions upon the subject. What the property may have brought at the attachment sale was not competent evidence of its value.

Finally it is contended that the court erred in holding the plaintiff in error, Hoyt, to be liable, inasmuch as "he only

acted as attorney for said Peckinbaugh," "and there is no evidence to justify a judgment against him." As to the evidence against Hoyt, we think it is ample to fix his liability. It is true he was the attorney for the plaintiff in the attachment suit, but in addition to the ordinary duties of attorney he took an active part in the conversion of the property by being present at the sale and bidding off at least a portion of it for his client, as is shown by his own testimony. There is also other testimony showing very clearly that it was by his advice and express direction that the constable insisted upon holding and selling the property after being advised of Mrs. Quillin's claim to it. Such being his relation to the transaction, the fact that he was an attorney will not shield him from equal liability with that of the officer to the owner of the property. We discover no material error in the matters complained of, and the judgment is affirmed.

JUDGMENT AFFIRMED.