SILAS H. BURNHAM, PLAINTIFF IN ERROR, V. DOOLITTLE & GORDON, DEFENDANTS IN ERROR.

**Attachment:** GARNISHMENT: EQUITY OF REDEMPTION LIABLE TO. The equity of redemption in mortgaged or pledged personal property, even after condition broken, is such an interest as, in this state, may be reached by attachment or garnishment before judgment, and by garnishment after judgment in aid of execution.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Wales Frank Severance,* for plaintiff in error.

1.  Summons should have been quashed. *Humphrey v. Candee,* 2 Cow., 509. *Burgess v. Stilt,* 12 How. Pr., 401.
2.  The equity of redemption cannot be reached by garnishment. Drake on Attachment, secs. 560, 561. *Williams v. Railroad,* 36 Maine, 201. *Hassie v. God With Us,* 35 Cal., 378.

*Samuel J. Tuttle,* for defendant in error, cited: *Finnell v. Burt,* 2 Handy, 207. *Casly v. Fenstemaker,* 14 Ohio State, 457. *Faulkner v. Meyers,* 6 Neb., 418. *Wheeler v. Newbold,* 16 N. Y., 392.

LAKE, CH. J.

This petition in error presents two questions. *First.* Was the motion to quash the summons in garnishment properly overruled? *Second.* Was the plaintiff in error rightly held as garnishee?

The first of these questions might well be disposed of by applying a rule of practice that a voluntary appearance is a waiver of all defects in the original process. *Crowell v. Galloway*, 3 Neb., 215. *Kane v. The People*, 4 Id., 509. Or it might be disposed of under the rule of the statute, that: "No proceedings against such garnishee or garnishees shall be quashed, or such garnishee or garnishees discharged, by reason of any informality or irregularity merely of the affidavit, or summons provided for in this article." Sec. 247 Comp. Statutes, 563. But we prefer to place our decision upon the ground that the summons was regularly issued, and sufficient to give the court jurisdiction of the person of the garnishee, even under the most technical rule of procedure.

The objection to the summons was simply that the "affidavit on which the procedure is based is insufficient in not establishing that the garnishee has property of, or is indebted to defendant; and that" * * * "it is not entitled in any court, proceeding, or cause."

This objection is based in part upon the supposition that, to properly institute a proceeding of this kind, the affidavit must necessarily show that the person to be summoned has property of the judgment debtor in his possession or under his control, or is indebted to him, and that a statement of *mere belief*, without more, will not answer. Referring to the statute, however, we find that nothing further is required to be stated than that the judgment creditor "has good reason to and does believe that any person or corporation (naming them) have property of and are indebted to the judgment debtor." Upon the filing of an affidavit, stating such belief, it is provided that the proper officer "shall issue a summons as in other cases, requiring such person or corporation to appear in court and answer such interrogatories as shall be propounded to him, it, or them, touching the goods, chattels, rights, and credits of the said judgment debtor in his, its, or their possession, or

control." Sec. 244, Comp. Statutes, 562. Mere belief, therefore, is all that the statute contemplates, and consequently all that courts have the right to exact in affidavits of this kind. If it had been intended that the facts and circumstances inducing such belief should be given, and their sufficiency determined by the court, it is but reasonable to suppose that language altogether different from this would have been employed.

The other point of this objection, viz., that the body of the affidavit was without a title, is merely technical. In the affidavit it is clearly averred that it was a transcript of the record of the writ of Doolittle & Gordon v. W. Sanford Gee, that had been filed in the district court, and it was against "the property of the said W. Sanford Gee" that the garnishment proceeding was directed. Besides, the affidavit was endorsed, "Doolittle & Gordon against W. Sanford Gee," and this is also the endorsement of the summons served upon the person garnished. There could not have been, therefore, any possible doubt as to the case in which it was intended to use the affidavit, nor as to the persons sought to have affected by it. There was neither uncertainty nor ambiguity in any particular, and we are aware of no purpose that would have been better served by prefixing the title of the cause to the body of the affidavit.

The only remaining question is whether the judgment debtor's equity of redemption, or interest in the two promissory notes, could be reached and held by the process of garnishment? It must be conceded that according to most of the cases bearing upon this question, it could not. 1 Wait's Actions and Defences, 422, 423. Following this general current of authorities, we held in *Peckinbaugh v. Quillin*, 12 Neb., 586, that it is only when a mortgagor of goods has the right of possession for a definite period that he has an attachable interest in them. This rule did not influence the result of that case, however, for the reason that the property was insufficient to satisfy the mort-

gage debt. But in view of our attachment law, and the ruling of the supreme court of Ohio on a statute from which ours was copied, and upon more mature reflection, we are now satisfied that whatever interest a mortgagor of chattels may have in them, in this state, may be reached by seizure under a writ of attachment at any time while in his possession, and by means of the process of garnishment if they have passed into the hands of the mortgagee. And to this extent our opinion in the case of *Peckinbaugh v. Quillin* must be modified. In the case of *Carty v. Fenstemaker*, 14 Ohio State, 457, which arose under a statute just like our own respecting this matter, it was distinctly held that the interest of a mortagor of chattel property in possession of the mortagor, after condition broken, was attachable. The seizure of the property under the order of attachment, it was said, "creates a lien in favor of the attaching creditor upon the interest of such mortgagor." Now the interest of a mortgagor in property thus circumstanced, as to the mortgagee, is but the equity of redemption, or what may remain after the mortgage debt is paid. And if this interest be liable to attachment, as there held, it seems to follow necessarily, that where property covered by a mortgage has passed into the hands of the mortgagee, the equity of redemption may be reached by garnishment, which is nothing but a species of attachment whereby property rights, which the officer holding the order "cannot come at" and take into his possession, may be brought within the jurisdiction of the court, and by its judgment subjected to the payment of the owner's debts.

On this point the supreme court of Ohio, in deciding the case before referred to, said: "The order of attachment designates the classes of property it is designed to subject; but where the possession and claims of other parties are such as to obstruct or prevent its execution by the officer directly upon the property, another mode of execution is provided, which is to charge such parties as gar-

nishees, and thus as effectually appropriate, indirectly, the interest of the defendant to the judgment the plaintiff may recover, as if the condition of the property had admitted of the officer doing so directly."

Having arrived at the conclusion that an equity of redemption is such an interest as may be reached by means of the process of attachment or garnishment before judgment, it only remains for us to determine whether the remedy afforded by the statute giving the right of garnishment after judgment, in aid of execution, was intended to be any less effective or complete in this respect. Referring to the statute, secs. 244 and 245 of the code of civil procedure, we find that persons so garnished are required to appear "and answer such interrogatories as shall be propounded" * * * "touching the goods, chattels, rights, and credits of the said judgment debtor," etc. Also, that "said garnishees shall be held liable in all respects as in cases of garnishees before judgment."

It would seem that the words here used—particularly "*rights and credits*," concerning which such garnishees must make disclosure, are sufficiently comprehensive to include the right of redemption in mortgaged or pledged personal property, even without the supplementary declaration that the liability shall be the same as that of "garnishees before judgment." With that declaration, the matter is made to our minds perfectly clear, and we must therefore hold that whatever interest the judgment debtor had at the date of the service of the summons in garnishment in the two notes held as collateral security, which seems to be merely the equity of redemption, or whatever may remain of the proceeds thereof after paying the secured debt, the garnishee is answerable for.

The rulings of the district court having been in conformity to these views, its judgment will be affirmed.

JUDGMENT AFFIRMED.