THE STANDARD IMPLEMENT COMPANY v. THE PARLIN & ORENDORFF COMPANY.

1. CHATTEL MORTGAGE—*Preference of Creditors.* A debtor, even if insolvent, has a right to prefer one creditor over another, and, if such a creditor accepts from his debtor in good faith, and with no fraudulent or wrongful purpose, a chattel mortgage covering his stock of goods, it will be valid, notwithstanding it may deprive another creditor of property with which to pay his debt.

2. COLLUSION—*Fraud—Evidence.* The fact that a debtor in failing circumstances, without the knowledge of the creditor, executes and sends to a register of deeds a chattel mortgage upon his stock of goods to secure an actual existing indebtedness, thereby preferring the creditor accepting the mortgage over another creditor, does not necessarily or conclusively show that there was a collusive and fraudulent understanding between the debtor and creditor, for the benefit of such creditor, before the execution or filing of the mortgage.

3. DEBTOR *as Agent to Sell Goods.* It does not necessarily or conclusively follow that there was a collusive and fraudulent understanding or agreement between a preferred creditor and his debtor, because the creditor who has been preferred by his debtor over other creditors by a chattel mortgage upon his stock of goods soon afterward permits such debtor, under a written contract, as agent, to sell and account for goods in his possession and belonging to the creditor.

*Error from Barber District Court.*

ON the 15th of April, 1889, *The Parlin & Orendorff Company* commenced its action against L. M. Spencer to recover $2,255.08 upon an account for goods, wares and merchandise sold and delivered. An order of attachment was issued and levied on April 15, 1889, at 9:25 o'clock A. M. Prior to the

levy, L. M. Spencer had executed two mortgages to the Standard Implement Company upon the stock of goods upon which the levy was made. One mortgage was executed on April 13, 1889, but dated April 12, 1889, for $3,000. This was filed for record in the office of the register of deeds on Monday, April 15, at 7 o'clock A. M. The other mortgage, for $4,300, was dated April 15, 1889, but not filed for record until April 16, 1889, at 7 o'clock A. M. At the time of the levy, the sheriff had notice of both chattel mortgages, and the Standard Implement Company claimed the possession of the stock of goods. That company filed its motion to discharge the property from the attachment, upon the ground that prior to the levy it was entitled to the same and in the actual possession thereof under the chattel mortgages. On the 6th of December, 1889, the motion to discharge the property was heard but overruled. The court made and filed conclusions of fact and of law. *The Standard Implement Company* excepted, and brings the case here.

*Overstreet & Denton,* and *R. O. Boggess,* for plaintiff in error.

*E. Sample,* and *Chester I. Long,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented. It is claimed that we cannot consider this case upon its merits, because it is said that all of the testimony is not contained in the record, and *Winstead v. Standeford,* 21 Kas. 270, is cited as decisive. That case, however, does not control. The case-made shows that all the testimony introduced upon the trial is preserved. It is true that the names of the attorneys making the case appear before the acceptance of the service thereof, but the statement concerning the evidence is not referred to incidentally in a mere notice of the attorneys about amendments, as in *Winstead v. Standeford,* supra.

It seems to be admitted that, on April 13, 1889, when the mortgage of $3,000 was executed by L. M. Spencer to the

Standard Implement Company, Spencer was indebted to that company for more than that amount. This mortgage was filed for record on April 15, 1889, at 7 o'clock A. M. The levy in this case was not made until 9:25 o'clock of April 15, several hours after the filing of the chattel mortgage. In the findings or conclusions of the trial court, it is stated that, as L. M. Spencer, in disregard of the rights of other creditors, who had treated him fairly and honestly, executed a chattel mortgage to the Standard Implement Company, and forwarded it for filing to the register of deeds, without its knowledge, and that, as Spencer was subsequently permitted to have possession and sell a part of the goods claimed by the Standard Implement Company and in his possession at the time of the execution of the mortgage, it conclusively follows that there must have been a prior understanding between L. M. Spencer and the Standard Implement Company to override the other creditors, and for Spencer to receive some benefit from the chattel mortgage. The trial court did not fix the precise date of this supposed understanding, but found it was prior to the filing of the mortgage. This court has frequently decided that a debtor, even if insolvent, has a right to prefer one creditor over another. (*Randall v. Shaw,* 28 Kas. 422; *Tootle v. Coldwell,* 30 id. 125; *Farlin v. Sook,* 30 id. 401.)

It does not necessarily or conclusively follow that there was any fraudulent collusion between L. M. Spencer and the Standard Implement Company at the time the chattel mortgage of $3,000 was filed, because L. M. Spencer executed voluntarily a chattel mortgage to that company and sent it to the register of deeds for filing without its knowledge. Spencer had the right to prefer the Standard Implement Company, if he so desired. We think the trial court placed too much importance upon the act of L. M. Spencer in preferring the claim of the Standard Implement Company. We find, however, no evidence in the record showing any improper understanding between that company and Spencer prior to the execution or filing of the $3,000 mortgage. Nor are we satis-

fied that the action of the Standard Implement Company in permitting, under a written contract, L. M. Spencer, as its agent, after the levies, to sell its property, which had been replevied, necessarily or conclusively shows that there was a fraudulent understanding between the parties before the execution or filing of the mortgage complained of. (*Frankhouser v. Ellett*, 22 Kas. 128; *Whitson v. Griffis*, 39 id. 211.)

There were other findings or conclusions made by the trial court, but those referred to are made so prominent that, in view of the evidence presented, we do not think the judgment should stand. Of course, if it was the intention of L. M. Spencer and the Standard Implement Company to overstate the amount of debt secured in the execution of the two mortgages, with the fraudulent intent to hinder, delay and defraud creditors, then both mortgages would be void. (*Wallach v. Wylie*, 28 Kas. 138; *Winstead v. Hulme*, 32 id. 568.) But if it was the intention of the parties to the mortgages only to secure the actual amount of indebtedness, the mortgages for that amount may be valid, if accepted in good faith and with no fraudulent intent. (*Corbin v. Kincaid*, 33 Kas. 649; *Bush v. Bush*, 33 id. 557; *Hughes v. Shull*, 33 id. 127; *Allen v. Fuget*, 42 id. 674.)

It is urged that the trial court committed error in not permitting a change of venue, and many errors are also alleged concerning the introduction of testimony. But as the case must go back for another hearing upon its merits, and as it will be heard before a different trial judge, we do not think it necessary to comment upon these various exceptions.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.