LOCKE, HULEATT & COMPANY v. GEORGE W. SHRECK ET AL.

FILED APRIL 8, 1898. No. 7995.

1. **Attachment**: SALE OF MORTGAGED CHATTELS. Where a subsequent mortgagee is without actual possession of the mortgaged property or the right of immediate possession, an officer, under writs of attachment, may lawfully seize the property and by a sale in gross dispose of the mortgagor's reversionary interest therein.

2. **Conversion**: POSSESSION. To maintain an action for conversion of chattels a party must have actual possession of the property or the right of immediate possession.

3. **Chattel Mortgages**: RIGHTS OF MORTGAGEE. A subsequent mortgagee has an interest in the mortgaged property which the law will protect in an appropriate action.

4. **Conversion**: LIABILITY OF SHERIFF. An officer who seizes mortgaged chattels on mesne or final process against the mortgagor is not liable in an action by the mortgagee if he does nothing to place the property beyond the reach of the mortgagee or to prevent him from taking possession of it when his right of possession accrues.

5. **Instructions**: HARMLESS ERROR. Where the verdict returned by the jury is the only one authorized by the pleadings and proof, the giving of an erroneous instruction is not prejudicial error.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*George B. France,* for plaintiffs in error.

*F. C. Power,* contra.

SULLIVAN, J.

On December 26, 1891, Morris Alexander, being the owner, and in possession, of a stock of general merchan-

dise in the city of York, mortgaged the same to J. Rosen-
baum to secure an indebtedness of $1,347. The mort-
gagee took immediate possession. Three days later a
second mortgage covering the same property was exe-
cuted by Alexander to the plaintiffs, Locke, Huleatt &
Co., to secure the sum of $416.81 due for merchandise
previously purchased of them. Both mortgages were
duly filed in the proper office and their validity appears
on the record unquestioned. Afterwards, D. B. Fisk &
Co., a corporation, commenced two actions against Alex-
ander in the district court of York county and caused
writs of attachment to be issued therein. These writs
were placed in the hands of the defendant George W.
Shreck, as sheriff, and acting under their authority he
seized and took into his possession the whole of the
mortgaged property. Thereupon a verified schedule of
Alexander's entire personal estate was presented to
Shreck and a demand made upon him to cause the same
to be appraised in accordance with the provisions of
section 522 of the Code of Civil Procedure. In obedience
to this demand, freeholders were called, an appraisement
made, and $500 worth of mortgaged merchandise turned
over to Alexander as exempt, he being a resident of the
state, the head of a family, and having neither lands,
town lots, nor houses exempt as a homestead. Before
this was done, however, the plaintiffs were notified by
the sheriff that the exempt property was about to be sur-
rendered, and that they might, if they wished to do so,
take it from Alexander by virtue of their mortgage; but
no action was taken by them and the property was re-
moved out of the state. This suit was brought by the
plaintiffs to recover damages for the conversion of the
stock of goods. The verdict and judgment were in favor
of the defendants and the plaintiffs prosecute error here.

Among other alleged errors they complain of the giv-
ing of the seventh instruction, which is as follows: "One
who is not a general owner of personal property, but
claims to own an especial interest therein, cannot main-

tain an action for the conversion of the property, unless he was in the actual possession of the property at the time of the conversion. Therefore in this action, although you should find that the plaintiff had a valid chattel mortgage on the property in question, still, unless you further find that the plaintiff, by himself or his agent, had the actual possession of the property at the time of the levy by the sheriff, you must find for the defendants." Considered as an abstract legal proposition the instruction is incorrect; but, in view of the conclusively established facts of this case, it did not prejudice plaintiffs' rights. Plaintiffs were subsequent mortgagees without actual possession or right of immediate possession when the writs of attachment were levied. No condition of their mortgage had been broken. The sheriff might, therefore, lawfully seize the property and by a sale in gross dispose of Alexander's reversionary interest therein. (*Burnham v. Doolittle*, 14 Neb. 214; *Chicago Lumber Co. v. Fisher*, 18 Neb. 334.) A sale of mortgaged chattels in bulk to a single purchaser and subject to existing mortgage liens is lawful whether made by the mortgagor himself or by the sheriff or other officer on execution against him. If nothing is done to place the property beyond reach of the mortgagee to prevent him from taking possession of it when his right of possession accrues, he is not injured and has no just cause of complaint. (*Burnham v. Doolittle*, 14 Neb. 214; *Chicago Lumber Co. v. Fisher*, 18 Neb. 334.)

There is another reason why the mere attachment of the goods did not give plaintiffs a cause of action for conversion. To maintain that action a party must have actual possession of the property or the right of present possession. A right to take possession at some future day is not sufficient. (*Holmes v. Bailey*, 16 Neb. 300; *Hill v. Campbell Commission Co.*, 54 Neb. 59; *Kennett v. Peters*, 54 Kan. 119; *Ring v. Neale*, 114 Mass., 111; *Clark v. Draper*, 19 N. H. 419; Cooley, Torts [1st ed.] 445; *Raymond v. Miller*, 50 Neb. 507.)

Plaintiffs had, however, an interest in the property, for the protection of which the law affords an adequate remedy. At common law injuries to reversionary and like interests were redressed by a special action on the case; but in this state, of course, the appropriate procedure is an ordinary action for damages grounded on the facts showing the wrong and the resulting injury. Plaintiffs have, in general terms, charged a conversion of the property and, assuming this allegation to be sufficient to entitle them to recover any damages proven, we proceed to consider the case on the evidence. The sheriff did not remove the attached property from the store where it was when the levy was made. Consequently it suffered no physical injury or diminution in value while in his possession. Neither was the surrender of the exempt property to Alexander an injury of which plaintiffs can complain. They had not asserted nor attempted to assert their right of possession as against Alexander. They were notified that the chattels claimed under the exemption law had been set apart in the store and were invited to take possession of them under their mortgage. This they declined to do; and the property was consequently lost to them by reason of their own inaction. After the removal of the exempt chattels, the value of the remainder was less than the amount due on the Rosenbaum mortgage, to which the plaintiffs' mortgage was subject. Therefore, plaintiffs' equity of redemption was valueless and the subsequent sale and dispersion of the property inflicted no actual injury upon them. So, notwithstanding errors committed at the trial, the verdict was the only one which could rightfully have been found by the jury. The court might properly have directed a verdict for the defendants, and, indeed, that was the legal effect of the instruction quoted. The judgment of the district court is

AFFIRMED.