THE ATCHISON SADDLERY COMPANY v. W. J. GRAY,
*as Constable, etc.*

**No. 12,170.** ( 64 Pac. 987.)

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Possession of Property.* A provision in
a chattel mortgage that the mortgagor may remain in possession
of the mortgaged property, the same being a stock of merchan-
dise, and sell the same, turning over to a bank the proceeds of
such sales until a debt due the bank should be paid, does not ren-
der the mortgage void.

2. ——— *Proceeds of Sales—Contract Violated by Mortgagor.*
Nor does the mortgagee in such mortgage lose his lien because the
mortgagor fails to carry out such agreement but uses a portion of
the proceeds in a manner not provided in the mortgage, when the
mortgagee has not consented to or permitted such misappropria-
tion.

Error from Cowley district court; J. A. BURNETTE,
judge. Opinion filed May 11, 1901. Division two.
Reversed.

STATEMENT.

THE firm of Henderson Brothers was engaged in the
harness and saddlery business in Arkansas City, Kan.,
and was indebted to the Atchison Saddlery Company.
On February 27, 1896, they gave to the company
three notes, each for the sum of $65.45, due in four,
six and seven months. On the same day, to secure
the notes, they gave a chattel mortgage on their en-
tire stock of harness goods and on certain tools, which
mortgage was filed for record on the 28th day of Feb-
ruary, 1896. The mortgage contained the following
provision :

"It is further agreed between the parties hereto
that the said parties of the first part may retain pos-
session of the said goods and property above described
and sell and dispose of the same in the usual course

of business, but all proceeds received from the sale of said goods are to be turned over at least once each week to the Home National Bank of Arkansas City, Kansas, it having a first mortgage upon said property for the sum of one hundred and fifty dollars ($150), and after payment of said indebtedness and interest to the Home National Bank out of said proceeds, then all the proceeds received from the sale of said goods are to be turned over and delivered to the Atchison Saddlery Company and applied upon the indebtedness hereby secured. Said money so turned over to the Atchison Saddlery Company shall be delivered at least once each week and credited upon the indebtedness hereby secured.''

It seems that Henderson Brothers, after the execution of the mortgage, conducted the business in the same manner as they had done before, with the exception that a portion of the proceeds of sales were used to pay off the debt to the bank and a portion used to replenish the stock. About the last of May another creditor procured the defendant in error, who was a constable of Cowley county, to levy an execution on all the goods then on hand. The debt to the bank had been fully paid at the time of the levy of the execution by the constable. The plaintiff in error then commenced this action in replevin to obtain possession of the property.

There was no evidence introduced upon the trial tending to show that the Atchison Saddlery Company had any knowledge of the manner in which Henderson Brothers were handling the stock of goods, or that they were not paying all the proceeds of sales over to the bank, as provided in the chattel mortgage. After the plaintiff had rested, the defendant filed a demurrer to the evidence. Pending the consideration of the demurrer, plaintiff requested leave of the court to reopen its case, for the purpose of showing that it

had no knowledge of the appropriation of any of the proceeds of the sale of the goods to any purpose other than as specified in the mortgage. This request was refused, and the court sustained defendant's demurrer to the evidence and gave judgment in favor of the defendant. From this judgment plaintiff below comes to this court for review.

*Charles L. Brown*, for plaintiff in error.

*C. L. Swartz*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : It will be seen from the statement of the case that the court below took the view that the use by Henderson Brothers of the funds derived from the sale of the mortgaged goods for purposes not authorized by the chattel mortgage rendered the transaction wholly void and annulled the security of the mortgage in favor of the execution creditor. It can hardly be claimed, since the decision in the case of *Frankhouser v. Ellett*, 22 Kan. 128, that the provision quoted above had the effect of rendering the mortgage void. Had that provision been carried out in good faith, no complaint could have been made. The agreement itself was not contrary to law. Henderson Brothers were violating their agreement when they assumed to use the proceeds for any purpose other than as therein provided; but such violation, without the knowledge or consent of the mortgagee, would not make void the mortgage as to it.

The defendant in error contends that, as the mortgage contained the provision relative to the payment to the bank, and that the plaintiff in error might take possession of the goods at any time by paying to the bank any portion of its debt remaining unpaid, it was

6—63 KAN.

the duty of the plaintiff in error, if it desired to preserve its rights, to see that the agreement was carried out in good faith, and that therefore it was bound to know of any misappropriation of funds by Henderson Brothers. We cannot give our approval to this contention. Plaintiff in error was doing business 250 miles or more from Arkansas City. It had a right to assume that the agreement of Henderson Brothers was being honestly carried out. There is no presumption that it knew otherwise. Its first note had not yet become due. The time which had elapsed between the giving of the mortgage and the levy of the execution was not so great as to justify any presumption of laches on its part.

It may be that the burden of showing that it had no knowledge of the manner in which Henderson Brothers were conducting the business, and that it did not consent to the same, fell upon the plaintiff, and that it should have made such showing in the first instance. If this be so, the court ought to have permitted the introduction of such evidence even after it had rested. We do not understand that the court refused this because it would interfere with the orderly conduct of the case, but because such evidence would not, in the opinion of the court, help the plaintiff. In this we disagree with the trial court. We think the plaintiff ought to have been permitted to show that it had no knowledge of the misappropriation of the proceeds of the sale of the mortgaged property, and that upon such showing the court should have held that its mortgage was not, as a matter of law, vitiated solely by the misconduct of Henderson Brothers.

The case will be reversed and remanded for further proceedings.

JOHNSTON, GREENE, JJ., concurring.