WILLIAM WERGER, APPELLEE, v. JOHN B. STEFFENS, APPELLANT.

FILED OCTOBER 6, 1911.   No. 16,504.

Damages: EVIDENCE. In a suit for injury to realty and for conversion of personalty transferred therewith by defendant to plaintiff, it is error to permit the latter, over the former's objections, to show the entire damage by answering a question calling for the difference in value of the farm before and after the injury and conversion.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. Reversed.

George W. Berge, for appellant.

J. C. McNerney and R. D. Stearns, contra.

ROSE, J.

Plaintiff bought from defendant an improved farm in Lancaster county and went into possession under a warranty deed. This is a suit to recover from defendant damages for digging up and carrying away rosebushes, tearing down and removing fences, detaching clockshelves and other fixtures from the buildings, and converting to his own use a pile of fence posts, a roll of wire, a few movable hen nests, a lot of loose lumber and other property. The petition states that defendant sold the converted personalty to plaintiff with the farm, and that he injured the realty after the sale. Under the pleadings

plaintiff was required to make proof of the damages sus-
tained and of defendant's liability. The jury rendered a
verdict in his favor for $700, and from a judgment for
that sum defendant has appealed.

As a witness in his own behalf plaintiff was asked this
question: "Well, now will you say, if you know, what was
the difference in value of that farm as you bought it with
all those various things on it that you say the defendant
had removed prior to or immediately following his deed-
ing it to you and the condition of the farm at the time
those things were removed by the defendant; what is the
difference in value, if any?" Over the objections of de-
fendant it was answered as follows: "I should judge for
my part somewheres like $700 or $800. It looked all of
that to me bad, all of that." The overruling of the objec-
tions is assigned as error, and the answer of the witness
is the only evidence of the amount of damages sustained.
A considerable portion of the property in controversy was
personalty. The measure of damages for the conversion
of chattels is their market value at the time of the conver-
sion. This value can only "be properly ascertained by
the testimony of witnesses possessed of sufficient informa-
tion to enable them to give intelligent opinions upon the
subject." *Peckinbaugh v. Quillin,* 12 Neb. 586. To permit
the witness, in proving the damages for the loss of the
personalty, to state the difference in the value of the
farm before and after the conversion is, of course, erro-
neous. The question was not in proper form, had it related
alone to realty. The answer quoted being the only proof
of the value of the converted chattels, was the error
prejudicial to defendant? In testifying, the witness had
described to some extent the personal property in contro-
versy, but in a number of instances he did not pretend to
give the quantity or quality with any degree of accuracy.
He did not testify to the value of any separate item or
state that he knew the value thereof. He did testify,
however, that he had lived on a farm for 40 years, but
when asked, "You know something about the value of con-

veniences on the farm, do you?" he answered, "I can tell a good-looking farm from a poor one." There is no better evidence of his qualifications to testify to the value of the converted personalty than that mentioned. In addition, most of the witnesses who heard the conversation between plaintiff and defendant in relation to the property purchased testified to statements indicating that plaintiff bought nothing but the real estate and what was attached to it. On the face of the record the error was clearly prejudicial. A similar mistake was made in the charge to the jury and should not recur in the further proceedings.

REVERSED AND REMANDED.