### GARRISON v. KURT.

### In re FLAHERTY et ux.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1918.)

No. 5018.

1. COURTS ⟨key⟩359—LOCAL LAW—CHATTEL MORTGAGES.

The question of the validity of a chattel mortgage given by the bankrupts is one of local law.

2. CHATTEL MORTGAGES ⟨key⟩190(2)—VALIDITY.

Where the owner of a stock of goods sold the same to the bankrupts, taking a chattel mortgage, which he promptly placed on record and

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

reported to the commercial agencies, the mortgage, which provided for certain monthly payments to the owner, must be deemed valid as against subsequent creditors of the bankrupts; it appearing that the owner at all times asserted and protected his rights.

3. BANKRUPTCY ☞213—CHATTEL MORTGAGES—ENFORCEMENT.

Where, as part of an exchange and sale, claimant transferred a stock of goods and real property to the bankrupts, taking a chattel mortgage on the goods and a mortgage on the real property, as well as a mortgage on unthreshed grain, claimant, being under no greater duty than the trustee, could not, on bankruptcy proceedings against his transferees, be required to pursue the grain, which one of the bankrupts had threshed, absconding with the proceeds, or, on a bare assertion that it was overvalued, to take the real property and give credit for the amount at which it was valued, before enforcing his chattel mortgage on the stock of goods.

Appeal from and Petition to Revise Order of the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

In the matter of the bankruptcy of Frank A. and Ella Flaherty. From an order awarding Charles R. Kurt a secured claim on the proceeds of a stock of merchandise by virtue of a chattel mortgage given him by the bankrupt, M. E. Garrison, trustee in bankruptcy, appeals, and also petitions to revise. Petition to revise dismissed, and order affirmed.

E. L. Foulke, of Wichita, Kan. (Jesse D. Wall, of Wichita, Kan., on the brief), for appellant.

C. G. Yankey, of Wichita, Kan. (R. L. Holmes and W. E. Holmes, both of Wichita, Kan., and C. C. Calkin, of Kingman, Kan., on the brief), for appellee.

Before HOOK, CARLAND, and STONE, Circuit Judges.

HOOK, Circuit Judge. This is an appeal by the trustee in bankruptcy from an order awarding Charles R. Kurt a secured claim on the proceeds of a stock of merchandise, etc., at Cheney, Kan., by virtue of a chattel mortgage given him by the bankrupts, Frank A. and Ella Flaherty, husband and wife, to secure their note for $9,855.42. The property was sold by the trustee, and the proceeds substituted. The principal contention of the trustee is that the mortgage was void. It contained these provisions:

"This mortgage to cover all of the merchandise or fixtures with and a part of said stock now and all merchandise or fixtures acquired during the life of the mortgage. Fifty per cent. of the gross receipts from the sale of said stock is to be applied weekly as part payment of the note secured by this mortgage."

The evidence at the hearing disclosed the following: The claimant had owned the stock, and the note was for a balance the bankrupts owed him on a sale and exchange of it and other properties. The stock was then free from commercial debts incurred by the claimant. The mortgage was given August 30, 1915, and was promptly placed of record and reported to the commercial agencies. The bankrupts took possession, conducted the business in the usual retail way, and made purchases to keep the stock in condition. The traveling

salesmen, through whom the purchases were made, were verbally informed of the mortgage. Pains were taken to do this. According to an agreement that was part of the transaction a brother of the claimant was employed by the bankrupts as a salesman, and also to act as claimant's personal representative, to see that half of the gross receipts was applied to the mortgage debt. The bankrupts discharged him October 2, 1915. Thereafter for a couple of months the claimant himself frequently visited the store to look after his interests. In these two periods payments aggregating $1,350 were made on the mortgage debt from the store receipts. On December 3d Frank A. Flaherty, one of the bankrupts, having recently absconded with the proceeds of other property mortgaged to the claimant, the latter went into the store and remained there until December 29th, when Mrs. Flaherty had the locks changed and ousted him. Shortly afterwards the proceedings in bankruptcy were begun. The creditors of the bankrupts, excepting one with a small claim, had both actual and constructive notice of the mortgage when they extended credit. The claimant's demand is a just one, and in the transaction and his subsequent conduct he acted in the utmost good faith and without intention to hinder, delay, or defraud any one.

Upon the foregoing facts, the referee, after an exhaustive review of the statutes and the decisions of the Supreme Court of Kansas, held the mortgage valid and allowed the claimant a secured claim on the proceeds of the mortgaged property for the balance due him. The trial court affirmed the order of the referee.

[1, 2] The question of the validity of the mortgage is one of local law. We think the case is fairly within Frankhouser v. Ellett, 22 Kan. 127, 31 Am. Rep. 171, Howard v. Rohlfing & Co., 36 Kan. 357, 13 Pac. 566, Whitson v. Griffis, 39 Kan. 211, 17 Pac. 801, 7 Am. St. Rep. 546, Sedgwick City Bank v. Mercantile Co., 45 Kan. 346, 25 Pac. 888, and Atchison Saddlery Co. v. Gray, 63 Kan. 79, 64 Pac. 987, and that the trial court and the referee were right. All the features relied on to invalidate the mortgage—retention of possession by the mortgagors and their authority to make sales and to retain receipts—have been held insufficient, when qualified by conditions like those here. The case at bar is distinguishable from Rathbun v. Berry, 49 Kan. 735, 31 Pac. 679, 33 Am. St. Rep. 389, and Humphrey v. Mayfield, 63 Kan. 208, 65 Pac. 234. Here the authority to sell was not without limitation or provision with respect to the proceeds. The terms of the mortgage and the conduct of the parties show that the sales were to be in the usual course of the retail trade from day to day, and not in bulk or at some distant, indefinite time, at the will of the bankrupts; also that the proportion of the gross receipts to be paid the claimant and applied on the mortgage debt was not left to their decision, but was definitely fixed, and further that the proportion to be retained was not unreasonable for the costs and expenses of the business. Moreover, the times when the receipts were to be applied on the debt was agreed to be weekly, and were not calculated, as in Humphrey v. Mayfield, to "fence off * * * creditors for a period of four years." There was no fraud or illegality in the mortgage, the supplemental agree-

ment, and the conduct of the claimant. The default of the bankrupts was contrary to their undertakings to the claimant, who did the best he could to protect his rights, and, as we have seen, acted in good faith.

[3] The note above referred to was also secured by a mortgage upon a piece of real property and by a second mortgage upon some unthreshed grain in another county. In the sale and exchange the bankrupts had taken the real property at a valuation of $4,000, which is said to be more than it was worth. Flaherty, one of the bankrupts, went and threshed the grain, sold it without claimant's consent, paid the first mortgage, and absconded with the balance of the proceeds. On this it is urged that, before enforcing his mortgage on the stock of goods, claimant should take the real property and give credit for $4,000, and should also follow the grain and exhaust the equity in it. No ground was shown for disturbing the original transaction between the parties, or the basis of the valuations on which it was made, other than the bare assertion of a less actual value of the particular item; nor did it appear that the claimant interfered with the right of the trustee in the grain or was under a greater duty to seek it. Manifestly these contentions are without merit.

There is also a petition to revise. It will be dismissed.

The order is affirmed.