Clarence E. BUSSERT, Appellant,

v.

John P. QUINLAN, Trustee, Appellee.

In the Matter of WESTERN GLASS, INC., a Corporation, Bankrupt.

No. 6058.

United States Court of Appeals Tenth Circuit.

May 18, 1959.

Jay W. Scovel, Thomas R. Scovel, and Robert K. Scovel, Independence, Kan., for appellant.

John F. O'Brien and John P. Quinlan, Independence, Kan., for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

KNOUS, District Judge.

The appellant herein filed his claim against the bankrupt based upon a promissory note upon which there was due the sum of $15,425.63 allegedly secured by a chattel mortgage. The trustee in bankruptcy objected to its allowance as a secured claim. The matter was submitted to the referee in bankruptcy on an agreed statement of facts. The referee sustained the objection of the trustee and held the chattel mortgage void but allowed the amount due as an unsecured claim. Thereafter, appellant filed a petition for review of the order entered by the referee, which petition for review was denied by the District Court. The matter stands here on an appeal from the judgment of the District Court.

On August 17, 1955, the appellant in his individual capacity, loaned to the bankrupt the sum of $15,000. The loan was secured by the chattel mortgage here in question, executed by the appellant in his capacity as President of the bankrupt. The chattel mortgage described the property covered as follows:

"All the raw materials, supplies, cartons and other materials of every kind and description owned by said Western Glass, Inc. located in its glass plant in Caney, Kansas or elsewhere, now or hereafter."

The mortgage contains the usual covenants and also the following:

"That the Mortgagor hereby covenants that it will not sell, assign, loan, deliver, pledge, lease, or otherwise dispose of said Goods and Chattels to the extent that the aggregate value of all such mortgaged Goods and Chattels shall be less than Twenty-Thousand and no/100 Dollars ($20,000.00), except that such Goods and Chattels may be sold, delivered, or otherwise disposed of in the normal course of the operations of its glass plant in Caney, Kansas, provided the aggregate value shall not be less than the amount stated herein."

The mortgage was filed for record in Montgomery County, Kansas, on August 31, 1956.

Prior to bankruptcy the property described in the mortgage was all used in the manufacture of the manufactured products and sold. Other property of like character to that described in the mortgage had been purchased and at the date of bankruptcy there was on hand property of that nature of the approximate value of $12,558.27.

The validity of the chattel mortgage is to be determined by the law of Kansas. Etheridge v. Sperry, 139 U.S. 266, 11 S.Ct. 565, 35 L.Ed. 171; Exchange National Bank of Colorado Springs v. Hough, 10 Cir., 258 F.2d 785.

Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, puts the trustee in the position occupied under federal or state law by a creditor holding a lien through legal or equitable proceedings or a judgment creditor holding an execution duly returned unsatisfied.

Section 70, sub. e, gives the trustee whatever rights any creditor of the bankrupt with a provable claim has under state or federal law to attack a transaction which is fraudulent and voidable for any other reason by such creditor. Thus, if the chattel mortgage here in question is void under the laws of Kansas as to creditors in the categories above mentioned, it is void as against the trustee in bankruptcy.

It will be observed from the foregoing recital of facts that the mortgage expressly provided that the goods and chattels covered thereby might be sold, delivered, or otherwise disposed of in the normal course of business by the mortgagor. No provision of the mortgage

nor any collateral agreement required that proceeds from such sales should be applied on the mortgage indebtedness. It was stipulated as a matter of fact that the proceeds from the sale of the finished products made from the stock of materials listed in the mortgage were used to pay the ordinary expenses of operation of the bankrupt. Concerning the effect of such an arrangement the Supreme Court of Kansas, in First National Bank of Smith Center v. Hardman, 89 Kan. 212, 131 P. 602, at page 604, said:

"Where a chattel mortgage is executed upon a stock of merchandise, and the mortgagor by consent of the mortgagee, whether expressed in writing or not, makes sales in the ordinary course of business, without applying any of the proceeds to the payment of the mortgage debt, the transaction amounts to a legal fraud upon creditors, and the instrument is void as to them. While a different view is taken in some jurisdictions, this is the settled doctrine in Kansas. Implement Co. v. Schultz, 45 Kan. 52, 25 P. 625; Smith v. Epley, 55 Kan. 71, 39 P. 1016. See, also, other cases cited in 6 Cyc. 1108, and Brooks v. Bank of Beaver City, 82 Kan. 597, 109 P. 409. Whether the mortgage is recorded or not can make no difference with the application of this rule."

The appellant contends that the decisions of the Supreme Court of Kansas in the cases of Atchison Saddlery Co. v. Gray, 63 Kan. 79, 64 P. 987; Standard Implement Co. v. Parlin and Orendorff Co., 51 Kan. 632, 33 P. 362; Whitson v. Griffis, 39 Kan. 211, 17 P. 801; Frankhouser v. Ellett, 22 Kan. 127, 31 Am.Rep. 171, create an exception to the foregoing rule available to him. In effect, these decisions hold that where it is provided by the chattel mortgage or by a collateral agreement that the mortgagor may retain possession of the mortgaged stock of

goods and sell them in the ordinary course of business either as an agent of the mortgagee or otherwise and *apply the proceeds to the payment of the mortgaged debt*, the "transaction is not thereby as a matter of law rendered fraudulent and void as against creditors and subsequent purchasers but will be upheld or condemned according as the arrangement is entered into and carried out in good faith." Frankhouser v. Ellett, supra.

■ An examination of the opinions in cases of this category make it patent that before invoking the doctrine that sets up the exception advocated by the appellant, whether upon an agency principle or otherwise, the Kansas courts have demanded as a prerequisite a corollary agreement to apply a substantial part of the proceeds from the sale of the security to the mortgage debt, or in some other way account for the proceeds to the mortgagee.[1] Thus, it is perfectly clear that the principle enunciated in these cases is not available to the appellant since neither under the terms of the mortgage nor by collateral arrangement was there ever an agreement which required the mortgagee to apply the proceeds from the sale of mortgaged property or any part thereof to the mortgage indebtedness. Nor was any accounting ever made to the mortgagee as to the disposition of the proceeds.

Even with a provision calling for the application of a certain portion of the proceeds on the mortgage debt a mortgage giving the mortgagor power to sell, withdraw certain expenses from the proceeds and directing that the security be replenished, was held void in Humphrey v. Mayfield, 63 Kan. 208, 65 P. 234.

■ Under Kansas law a provision to replenish the security and keep it to a specified value does not save a mortgage where there is no obligation on the mortgagor to apply the proceeds on the mortgage debt or account to the mortgagee.

1. See also: Garrison v. Kurt, 8 Cir., 249 F. 672; Brooks v. Bank of Beaver City, 82 Kan. 597, 109 P. 409; Brown v. Barber, 47 Kan. 527, 28 P. 184; Muse, Spivey & Co. v. Lehman, 30 Kan. 514, 1 P. 804; Joyce v. Armourdale State Bank, 127 Kan. 539, 274 P. 200; Starr v. Cox, 9 Kan.App. 882, 57 P. 247.

Brooks v. Bank of Beaver City, supra; Garrison v. Kurt, supra.

It is to be observed herein that as a matter of fact the mortgagor failed to keep the stock inventory at $20,000 as required by the mortgage and so breached such provision. Independently of this however, it was stipulated, as heretofore has been mentioned, that long prior to bankruptcy the property described in the mortgage was all used in the manufacture of the manufactured products and sold, and that the materials and supplies in the stock pile at the time of bankruptcy all had been acquired subsequent to the date of the mortgage.

As stated in First Nat. Bank of Concordia v. McIntosh & Peters Live Stock & Commission Co., 72 Kan. 603, 613, 84 P. 535, 538:

> "The rule in Kansas is that to affect the after-acquired property the mortgage must contain an express provision binding such after-acquired property, and even where there is such an express provision in the mortgage the rights of third persons are not affected thereby unless the mortgagee takes actual possession of the after-acquired property before it is purchased by third persons or seized by creditors; and that if such third persons purchase it or such creditors seize it before the mortgagee takes such actual possession thereof, the third persons or creditors obtain the better right thereto."

Herein the appellant mortgagee never took possession of the after-acquired property. Upon the happening of bankruptcy the possession of the trustee under the statute inured to the benefit of the creditors of the bankrupt.

The circumstance that the possession of the trustee as the representative of creditors of the mortgagor so intervened renders the decision in Dodge v. Smith, 5 Kan.App. 742, 46 P. 990, cited by appellant, inapplicable here. That decision is further distinguished from the case at bar in that it was concerned with the status of a junior mortgagee who took expressly subject to the prior mortgage. See 14 C.J.S. Chattel Mortgages § 203 p. 809.

We, therefore, conclude that the District Court was not in error in holding this mortgage void as against the trustee.

Affirmed.