James Currin **BERGIN**, Trustee in Bankruptcy, Appellant,

v.

Vernon **WATERSON**, Appellee.

In the Matter of **W. G. SCHAFER**,
Bankrupt.

No. 6266.

United States Court of Appeals
Tenth Circuit.

May 27, 1960.

James W. Sargent, Wichita, Kan. (Lester C. Arvin and Emmet A. Blaes, Wichita, Kan., on the brief), for appellant.

James W. Wallace, Scott City, Kan., and John S. Elting, Dighton, Kan. (D. B. Lang, Scott City, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.

BRATTON, Circuit Judge.

This appeal presents for review an order of the district court entered in a bankruptcy proceeding granting reclamation of a truck. The facts are not in controversy. Vernon Waterson, hereinafter referred to as the dealer, was a dealer in trucks at Dighton, Kansas. W. G. Schafer, hereinafter referred to as the bankrupt, was engaged in business under the trade name of Schafer Drilling Company, at Pratt, in Pratt County, Kansas. On October 12, 1957, the dealer sold to the bankrupt a new truck and gave him a bill of sale therefor which showed that there was no lien against the truck. On October 13, the bankrupt executed and delivered to the dealer a promissory note in the sum of $8,921.84, and a chattel mortgage upon the truck to secure payment of the note. The note represented the balance of the purchase price of the truck. On October 17, the dealer delivered the truck to the bankrupt and filed the mortgage of record in Pratt County. The mortgage was in conventional form and provided among other things that the truck should remain in the possession of the bankrupt, and that it should not be disposed of or removed from the state without the consent of the mortgagee. No certificate of title was delivered to the bankrupt. The truck was driven into Nebraska without the consent of the dealer. On November 13, the original bill of sale was presented to the Clerk of Kimball County, Nebraska; and a Nebraska certificate of title was issued to the bankrupt showing the truck free and clear of liens or encumbrances. Julius R. Pfeifer sued the bankrupt in the court of Kimball County, to recover upon a debt. A writ of attachment was issued in the case and the sheriff of the county took the truck into his possession.

The bankrupt filed in the United States Court for Kansas a voluntary petition in

bankruptcy; an order of adjudication was entered; and a trustee was appointed. The dealer filed in the bankruptcy proceeding a petition for reclamation of the truck. The petition was predicated upon the chattel mortgage lien. It was pleaded among other things in the petition that there was a balance due on the note of $8,592.84; that the value of the truck was less than the amount of the secured claim; and that there was no equity, asset, or profit in the truck available to the trustee for the benefit of the estate of the bankrupt. The trustee filed a petition for the marshaling of liens and sale of the truck free and clear of the alleged lien of the dealer. The dealer filed an answer to the petition of the trustee. Pfeifer filed his claim in the bankruptcy proceeding, but neither Pfeifer nor the sheriff was a party to the controversy between the dealer and the trustee. Treating the trustee's petition for the marshaling of liens and the sale of the truck free and clear of the asserted lien thereon as an objection to the dealer's petition for reclamation, the referee concluded that the chattel mortgage was void as against the trustee; concluded that the trustee had a valid lien on the truck; denied the petition for reclamation; authorized and directed the trustee to sell the truck free and clear of any and all liens; and made provision for the rights of any parties other than the dealer holding valid liens upon the truck to be liens upon the proceeds of the sale. On review in the district court, the order of the referee was reversed and the petition for reclamation was granted.

In the absence of a controlling provision in the Bankruptcy Act, the validity and effect of a chattel mortgage creating a lien on personal property enforceable as against a trustee in bankruptcy is to be determined by the law of the state in which the mortgage was executed. The Exchange National Bank of Colorado Springs v. Hough, 10 Cir., 258 F.2d 785; Bussert v. Quinlan, 10 Cir., 267 F.2d 219.

The trustee asserts that under the law of Kansas, the mere recording of a purchase money chattel mortgage on a motor vehicle by a dealer is insufficient protection if the dealer has failed to follow the statutory requirements respecting the registration of motor vehicles. Section 58–301, General Statutes of Kansas, 1949, in presently pertinent part provides in effect that as against creditors of the mortgagor, against subsequent mortgagees, and against subsequent purchasers, the mortgage shall be valid from the time the original or a copy thereof is deposited in the office of the register of deeds in the specified county or counties. The dealer complied with the provisions of that statute on the day of the delivery of the truck to the bankrupt. Section 8–135 of the General Statutes, supra, as amended, was enacted long after the statute relating to the filing of chattel mortgages became effective. It pertains to the registration of motor vehicles, the transfers of ownership thereof, and the issuance of certificates of title thereto. Subdivision (1) provides for the making of an application for a certificate of title; it requires among other things that the certificate show "all liens or encumbrances thereon"; and it requires that the certificate shall contain a full and proper description of the vehicle "together with a statement of any liens or encumbrances which the application may have shown to be thereon." Subdivision (3) requires a dealer to execute, upon delivery of a motor vehicle to the purchaser, "a bill of sale stating the lien or encumbrances thereon." And subdivision (6) makes it unlawful for any person to buy or sell in the state any vehicle required to be registered, unless at the time of delivery thereof, there shall pass between the parties such certificate of title with an assignment thereof. When the dealer delivered to the bankrupt a bill of sale with no notation thereon of a lien to secure the unpaid purchase price, he made it possible for the bankrupt to secure a certificate of title with no showing thereon of liens or encumbrances. And

upon the issuance of such a certificate in Nebraska, the mortgage lien of the dealer became void under the law of Kansas as to innocent purchasers. Securities Acceptance Corp. v. Perkins, 182 Kan. 169, 318 P.2d 1058.

Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, puts the trustee in a bankruptcy proceeding in the position occupied under federal or state law by a creditor holding a lien, or one who could have obtained a lien by legal or equitable proceedings at the date of bankruptcy whether or not such creditor actually exists; and section 70, sub. e, gives the trustee whatever rights any creditor of the bankrupt with a provable claim has under state or federal law to attack a transaction which is fraudulent and voidable for any other reason. Bussert v. Quinlan, supra. These provisions fix the status of the trustee as a litigant. They do not vest in him any better position than that of any other litigant in such categories. The last sentence of section 70, sub. c, is effective to permit the trustee to attack deeds, mortgages, conditional sales contracts, and chattel mortgages, not filed or recorded at the time of the filing of the petition in bankruptcy as required by applicable local law for validity as against creditors. In other words, the status of the trustee under the section as a mythical creditor with a lien obtained by legal proceedings will suffice to permit him to upset an unrecorded chattel mortgage where, under applicable state law, it is inoperative as against creditors without notice until recorded; and it has not been recorded at the time of the filing of the petition in bankruptcy. 3 Remington on Bankruptcy, § 1604. But here, the chattel mortgage was filed in regular manner prior to the intervention of bankruptcy. And in these circumstances, the section is of no assistance to the trustee.

When the sheriff seized the truck in Nebraska, an attachment lien was imposed thereon; and upon the intervention of bankruptcy, the trustee became vested with the rights of the attaching creditor. But it is the well-established general rule that, except when otherwise provided by statute, the levy of an attachment upon property creates a lien only on the actual interest or right of the attachment debtor in the property. In other words, an attachment lien reaches only the actual interest or right of the defendant debtor in the attachment suit. That rule obtains in Nebraska. Burnham v. Doolittle, 14 Neb. 214, 15 N.W. 606; Chicago Lumber Co. v. Fisher, 18 Neb. 334, 25 N.W. 340. And it also obtains in Kansas. Julian v. Eagle Oil & Gas Co., 83 Kan. 440, 111 P. 445; Saylor v. Crooker, 97 Kan. 624, 156 P. 737; Federal Trust Co. v. Ireland, 132 Kan. 615, 296 P. 704; Bryant v. Fordyce, 147 Kan. 586, 78 P. 2d 32; Marshall v. Bardin, 169 Kan. 534, 220 P.2d 187. As between the dealer and the bankrupt, the chattel mortgage was valid. The right or interest of the bankrupt in the truck was the equity over and above the amount of the mortgage debt. The attachment lien reached only such equity. Burnham v. Doolittle, supra; Chicago Lumber Co. v. Fisher, supra. It was pleaded specifically in the petition for reclamation that the value of the truck was less than the amount of the secured claim of the dealer which meant the note secured by the mortgage. In the petition for the marshaling of liens and the sale of the truck free and clear of liens, the trustee pleaded that on information and belief the truck was of the probable value of $10,000; and that there was a substantial equity in it which could be realized for the benefit of the estate. But neither party adduced evidence relating to the value of the truck. They submitted the cause to the court upon the legal question whether the chattel mortgage of the dealer created an effective lien as against the trustee. Having submitted the cause in that manner and the court having determined it in the same manner, we make disposition of it in like manner.

Affirmed.