A. C. MARKLEY v. THE CARBONDALE INVESTMENT
COMPANY.

No. 13,268.   (73 Pac. 96.)

SYLLABUS BY THE COURT.

ATTACHMENT—*Title of Purchaser.* One purchasing real property
sold under attachment proceedings is not a *bona fide* purchaser
for value, but takes only the interest of the defendant in attach-
ment in the property at the time it was seized.

Error from Osage district court.   J. T. PRINGLE,
judge *pro tem.*   Opinion filed July 10, 1903.   Affirmed.

A. C. *Markley*, and H. C. *Root*, for plaintiff in error.

J. H. *Stavely*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by A. C.
Markley against the Carbondale Investment Company
to recover possession of, and rents and profits accruing
from, an eighty-acre tract of land.   In March, 1899,
the investment company conveyed the property to H.
W. and I. D. Burdick, taking a mortgage on the prem-
ises to secure a promissory note given as evidence of
the entire purchase-price agreed to be paid for the
land.   Default having been made in payment of the
mortgage debt, an action to foreclose this mortgage
was brought in Osage county, and the venue changed
to Lyon county.   In this foreclosure action the de-
fendants filed a cross-petition, claiming damages for
breach of contract arising out of the purchase of the
land, and for the malicious prosecution of a civil ac-
tion in the premature institution of an action to fore-
close the mortgage given, the aggregate amount of
damages claimed being the sum of $20,000.   Trial

was had upon the issues so joined in February, 1894, which resulted in a judgment for $2500 in favor of defendants on this cross-petition. From that judgment the investment company prosecuted proceedings in error to this court, wherein that judgment was subsequently reversed. (*Investment Co. v. Burdick*, 58 Kan. 517, 50 Pac. 442.)

After the rendition of the judgment in the Lyon county district court, the Burdicks mortgaged the property to the Topeka Commercial Security Company to secure a promissory note of $2398.74. This mortgage was filed for record on the 7th day of November, 1894. On the same day one J. A. Kemp commenced an action against the Burdicks in the district court of Osage county to recover the sum of $572.62, and caused the property to be seized in attachment. On this day the petition in error to review the judgment of the district court of Lyon county was filed in this court. No supersedeas of the judgment, however, was had at that time. The mortgage made by the Burdicks to the Topeka Commercial Security Company was thereafter sold and transferred to the Rhode Island Mortgage and Trust Company. In this mortgage is found this exception from the covenant against encumbrances : ''Except the claims of the Carbondale Investment Company, now being adjudicated, and against which said company judgment has been rendered.'' Thereafter, this mortgage was foreclosed, and the following recital is found in the decree ordering the sale of the property : ''Subject to the rights of the said defendant, the Carbondale Investment Company, as aforesaid.'' Plaintiff became the owner of the certificate of purchase and sheriff's deed based upon the attachment proceeding. He also became the owner of the certificate of purchase and

sheriff's deed based upon the foreclosure of the mort-
gage held by the Rhode Island Mortgage and Trust
Company.   All parties in interest in the land were
parties to the action foreclosing the mortgage and are
bound by the decree entered therein.   After the re-
versal of the judgment of the Lyon county district
court by this court, the defendants dismissed their
cross-petition in the district court of Lyon county.
The mortgage to the Carbondale Investment Company
was foreclosed, culminating in a conveyance of the
property to the plaintiff therein.

At a trial of this case to the court, without the in-
tervention of a jury, upon the claims of title above
made, a general finding and judgment thereon was
entered for defendant.   Plaintiff brings error.

From the foregoing statement of facts, it appears
that the only question necessary to the determination
of this case is the strength of the opposing titles.
Plaintiff claims under his sheriff's deed, based upon
the attachment proceedings in the case of Kemp
against Burdicks, and also under his sheriff's deed,
based upon the foreclosure of the mortgage made by
the Burdicks to the Topeka Commercial Security
Company, and by that company assigned to and fore-
closed by the Rhode Island Mortgage and Trust Cem-
pany.   The defendant holds possession under its
sheriff's deed based upon the mortgage given by the
Burdicks to   secure the   original   purchase-money.
Which has the better right to the property ?

As to the strength of the chain of title terminating
in the sheriff's deed based upon the foreclosure of the
mortgage made by the Burdicks to the Topeka Com-
mercial Security Company, and by that company
transferred to, and foreclosed by, the Rhode Island
Mortgage and Trust Company, little need be said.
The instrument itself, by its express terms, was made

subservient to the rights of defendant. Such rights were protected by the decree entered in the action brought to foreclose that mortgage. All the parties to this action were parties to that action, and are concluded by the decree entered therein.

As to the chain of title derived from the deed based upon the attachment proceedings, the law is equally clear. By the execution of the writ of attachment there was seized, not the entire property in this case, because the Burdicks did not own the entire property, but there was seized only the interest of the Burdicks in the property. Kemp, the attaching creditor in that action, was not a purchaser for value, entitled to protection because buying upon the strength of a clear record title in the Burdicks. He was simply a diligent creditor laying hands upon what property of his debtors he could find subject to seizure. Whatever equity his debtors possessed in the property passed by the sheriff's deed based upon the attachment proceedings, the purchaser at the sale under such proceedings took no greater rights in the property than the Burdicks possessed. This equity was the interest of the Burdicks in the property after payment of the prior purchase-money mortgage to the defendant. ( *Swarts and others v. Stees and Bryan & Hardcastle*, 2 Kan. 236, 85 Am. Dec. 588; *Harrison & Willis v. Andrews*, 18 id. 535; *Hubbard v. Ogden*, 22 id. 671; *Sheldon v. Pruessner*, 52 id. 593, 35 Pac. 204.) That mortgage has now been foreclosed, and the rights thereunder merged in the sheriff's deed under which defendants justify their possession of the property. The defendants have the better title to the property.

The judgment of the district court is equitable, just, and right. It meets our approval, and is affirmed.

All the Justices concurring.