E. R. JULIAN, *Appellee*, v. THE EAGLE OIL AND GAS COMPANY (*Defendant*), and W. R. PARSONS *et al.* (*Interpleaders*), *Appellants.*

No. 16,653.

Appeal from Neosho district court. Opinion denying a rehearing filed November 5, 1910. (For original opinion see ante, p. 127.)

*John J. Jones,* and *James W. Reid,* for the appellants.
*H. P. Farrelly,* and *T. R. Evans,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: In a petition for a rehearing it is urged that a material fact was overlooked in the opinion. (Ante, p. 127.)

It appeared upon the trial that the assignment of the lease from Parsons to the Eagle Oil and Gas Company was recorded more than two years after the contract upon which the plaintiff sued had been entered into, and that the plaintiff had no notice of the terms of the assignment. The plaintiff now insists that he is not bound by the provision of the assignment by which the lease was to revert to Parsons, not only because it is repugnant to the grant—a matter discussed in the opinion—but also because Parsons, knowing the terms of the assignment, did not disclose them to the plaintiff when the contract for drilling was entered into.

An attachment creditor acquires no greater right in the property seized than the defendant in the attachment owned. (*N. W. Forwarding Co. v. Mahaffey, Slutz & Co.,* 36 Kan. 152; *Bank v. Fleming,* 63 Kan. 139. See, also, *Johnson v. Brant,* 38 Kan. 754.) The attachment bound the interest of the defendant only, whether that interest was shown by the record or not. The attaching creditor is not a purchaser for value buying

upon the strength of a record title.  (*Markley v. Investment Co.*, 67 Kan. 535.)

To the interplea setting up the assignment containing the terms upon which Parsons claimed the reverter, the plaintiff demurred.  The demurrer was overruled and there was no further pleading.  This left nothing for the court to decide upon the interplea but the legal effect of the assignment.  No issue of fraud or fraudulent concealment by Parsons was presented.  The only evidence referred to as sustaining the claim of fraudulent concealment is the fact that Parsons, while acting as agent for the Eagle Oil and Gas Company in making the contract with the plaintiff, did not disclose to him the terms of the assignment.  It does not appear that any inquiries were made concerning that subject or that either party had it in mind.  It is very doubtful whether the testimony would have supported an allegation of fraud, but, if it would, it was not a matter before the court for adjudication, for fraud was not pleaded and no issue of fact was made upon the interplea.

The petition for a rehearing is denied.