## THOMAS FOGARTY et al., Trading Under Firm Name of SANITARY PLUMBING & HEATING COMPANY, Appellants, v. GEORGE E. DAVIS et al.

### Division One, August 27, 1924.

1. **SCHOOL DIRECTORS: Personal Liability for Neglect of Ministerial Duty: Failure to Require Construction Bond.** The general rule is that an officer's neglect of a ministerial duty imposed by statute for the benefit of individuals is actionable, and there is authority for the proposition that a failure to incorporate in a writing a provision which a statute specifically requires an officer to incorporate therein is a neglect of official duty; and the statute (Secs. 1040, 1041, R. S. 1919) provides that school boards in contracting for public work shall require the contractor, with sufficient sureties, to execute a bond in sufficient amount, which "shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by sub-contractor or otherwise," and expressly gives to sub-contractors a right of action on the bond. But school directors are not individually liable to a sub-contractor for failure to exact a bond from the contractor if the one taken by the board is sufficient to support an action thereon by the sub-contractor.

2. ————: **Construction Bond: Includes Statutory Conditions and Obligations.** A school board entered into a contract with a contractor by which he agreed to install a heating plant and plumbing system in a school building in the course of construction. The contract contained no express provision that the contractor should pay for all materials and labor, but did provide that "the contractor shall and will provide all materials and perform all the work for the erection and completion of a high school building, and such other work as is set forth in the specifications for same," and in connection therewith a written instrument, headed "Statutory Bond" and naming the school district as obligee, was executed by the contractor, as principal, and a guaranty company, as surety, and it was conditioned that the contractor should perform all his contract obligations and keep the "obligee harmless and indemnified from and against all and every claim, demand, judgment, lien, cost and fee of every description, . . . and shall re-pay said obligee all sums of money said obligee may pay to other persons on account of work and labor done or materials furnished on or for said contract." *Held*, that the provisions of the statute, namely, that such bond "shall be conditioned for the payment of materials used in such work and for all labor performed in such work, whether by

sub-contractor or otherwise" and expressly giving to sub-contractors a right of action on the bond, must be read into said bond and construed as a part of it, and though the bond does not expressly mention sub-contractors as obligees the surety is obligated to them, by the statute, for "labor done or materials furnished on or for said contract;" and sub-contractors, who agreed with the contractor to furnish and install the heating and plumbing plant in said school building, may recover on the bond for labor done and materials furnished where the contractor breached the contract by failing to install a heating plant of the kind prescribed by the contract, and therefore they cannot recover from the school directors individually as for neglect of a ministerial duty on the theory that the bond given and accepted did not protect sub-contractors. [Distinguishing School District v. McClure, 234 S. W. 831.]

3. ———: ———: **At Cost of Contractor.**  A contract between a subcontractor and the contractor to furnish labor and materials for the installation of a heating plant in a school building is a contract to furnish them at the proper cost, charge and expense of the contractor, where the contractor has breached his contract with the school board and the heating plant is worthless.

Headnote 1: **Officers,** 29 Cyc. 1442; **Schools,** 35 960, 961. Headnote 2: **Bonds,** 9 C. J. sec. 38; Schools etc., 35 Cyc. 960. Headnote 3: **Schools etc.,** 35 Cyc. 965.

Transferred from Springfield Court of Appeals.

AFFIRMED.

*M. H. Galt* for appellants.

(1)  Merely denominating a bond as "Statutory Bond" does not make it a statutory bond or a common-law bond, thereby giving plaintiffs a right of action thereon. (a)  A bond, not good as a statutory bond, may yet be held good as a common-law bond, but in that event, it creates no liability beyond its express terms. Wimpey v. Evans, 84 Mo. 144. (b)  Where there is part or substantial compliance with the statute, i. e., an apparently attempted compliance with the statutory requirements, the statute has been, in some cases, read into the bond, supplementing and explaining the partial compliance.  Zellers v. Surety Co., 210 Mo. 86; Newton v. Cox, 76 Mo. 352; Flint ex rel. v. Young, 70 Mo. 221;

State to use v. Berry, 12 Mo. 377; Henry County v. Salmon, 201 Mo. 136. (2)    The failure to require the form of bond prescribed by Sec. 1040, R. S. 1919, renders the individuals composing the school board, personally liable for consequent damage to sub-contractor. Burton Machinery Co. v. Ruth, 196 Mo. App. 459; Evans v. Howard Fire Brick Co., 204 S. W. 832; Austin v. Ransdell, 230 S. W. 334. The construction placed on the law before its repeal demonstrates the object of the Legislature.    Press Brick Co. v. School Dist., 79 Mo. App.    665.    The    amendment    of    the    law    in    1911 emphasizes the intent of the Legislature. Laws 1911, p. 106.

*Lamar & Lamar* for respondents.

(1)    The plans, specifications, contract and bond will all be read and construed together.    Plaintiff herein is conclusively charged with knowledge of what kind of a heating plant the plans and specifications required and could not recover in any event where there is a substantial failure to comply with these plans and specifications. (2) The bond set out in the record is a statutory bond. Yet if the bond was in the identical language of the statute, and plaintiff was suing on that bond he could not recover, because he has not complied with the contract.    The specifications, and the plans and details are a part of the contract and a part of the bond. This is elementary, and if he could not have recovered on any kind of a bond, then plaintiff is not damaged, and certainly is not entitled to recover from these defendants because the first thing to show in order to recover from the defendants is that plaintiff is damaged. (3) As against a surety for hire, a contract is construed most strictly against the company, and the same construction is applied as is applied to insurance contracts.    The company prepares the contract, or other bond, for hire and they are classed as insurance contracts. 1 Joyce on

Insurance (2 Ed.) p. 820, sec. 339a, 339b; Lackland v. Henshaw, 256 Mo. 133; Roark v. Trust & Safe Deposit Surety Co., 130 Mo. App. 401; State ex rel. v. Surety Co., 187 Mo. App. 39, 50; State ex rel. v. Cochrane, 264 Mo. 581; City of Topeka v. Federal Union Surety Co., 213 Fed. 958, 962. (4) Where a bond is given in obedience to a statutory requirement the conditions of such statute will be read into and become a part of the bond. 9 C. J. p. 34, sec. 56; Jackson County v. Enright, 198 Mo. App. 527, 531; Board of Education v. Fidelity & Guaranty Co., 155 Mo. App. 109; Henry County v. Salmon, 201 Mo. 136, 163; Kansas City v. Youman, 213 Mo. 151; State ex rel. v. Rubber Co., 149 Mo. 181; Zellars v. National Surety Co., 210 Mo. 86. (5) The language used in this contract, that the contractor will "provide such material," means that he will pay for them. Greenbay Lumber Co. v. Independent School District, 90 N. W. (Iowa) 505; Callan v. Empire State Surety Co., 129 Pac. 798; Empire State Surety Co. v. Lindenmeier, 131 Pac. 437; School District v. McClure, 224 S. W. 831; School District v. Butler County, 234 S. W. 1017.

JAMES T. BLAIR, P. J.—This cause was certified to this court by the Springfield Court of Appeals, because of conflict of its decision herein with a decision of the Kansas City Court of Appeals.

Appellants are co-partners and began this action against respondents, who constitute the board of directors of the Cabool School District, to recover $2988.87, for which they allege the directors are personally liable on account of their failure to take the contractor's bond required by Section 1040, Revised Statutes 1919.

In May, 1918, the respondents, in their official capacity, entered into a contract with Howard A. Mann, whereby, among other things, he agreed to install a heating plant and plumbing system in a school building in course of construction for the district. Thereafter appellants, by sub-contract, agreed with Mann that they would

furnish and install the plumbing and heating plant. This they did. They allege they relied upon the assumption that Mann had given bond as the statute required. It is alleged Mann is insolvent and that respondents failed to require him to give bond as provided by the statute, and they ask damages as for neglect of a ministerial duty by respondents. They pray judgment for $2988.87, and interest.

The contract with Mann contains no express provision that the contractor shall pay for all materials and labor. It does provide that "the contractor shall and will provide all materials and perform all the work for the erection and completion of a high school building, and such other work as set forth in the specifications for same," etc. It also authorizes respondents to provide labor or materials or take over the construction of the building in case of certain defaults of the contractor. The evidence shows the heating plant installed is not of the kind prescribed by the contract. Evidence was offered tending to show this was due to conditions which rendered it impossible to comply with the contract in this respect. The bond was duly executed by the contractor, as principal, and the United States Fidelity & Guaranty Company as surety. It is conditioned that Mann shall perform all his contract obligations and shall keep the "obligee harmless and indemnified from and against all and every claim, demand, judgment, lien, cost and fee of every description, . . . and shall re-pay said obligee all sums of money said obligee may pay to other persons on account of work and labor done or materials furnished on or for said contract" and shall pay all damages or forfeitures sustained for any reason by the principal's failure properly to execute his contract. These conditions are long, but this is a sufficient epitome for present purposes.

It will be noted, as the Court of Appeals points out, that this bond is in a form appropriate for use to secure the performance of a building contract between a contractor and a private individual. It is headed "Statutory

Bond," and the obligee is the "Cabool School District." It is not and could not well be contended that the purpose of the parties was other than to give a bond under the statute to which reference has been made. The use of the wrong printed form seems to have been an inadvertence.

I.   The statute (Secs. 1040, 1041, R. S. 1919) provides that school boards in contracting for public work shall require the contractor, with sufficient sureties, to execute a bond in sufficient amount, which, among other conditions, "shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise." Sub-contractors are expressly given a right of action on the bond.

It is contended the bond given is so far from compliance with this statute that appellants cannot maintain an action on it and, therefore, it is equivalent to the taking of no bond at all, so far as appellants' rights are concerned, and, as a consequence, this action lies. The general rule is that an officer's neglect of a ministerial duty imposed for the benefit of individuals is actionable. There is authority for the proposition that the omission to incorporate in a writing a provision which a statute specifically requires an officer to incorporate, is the failure to perform a ministerial duty. In this case respondents contend the bond taken will support an action by appellants. If this is true, this judgment must be affirmed. The rule in this State is that in construing a statutory bond the provisions of the statutes must be read into it and construed as a part of it. "When parties execute a statutory bond they are chargeable with notice of all provisions of the statute relating to their obligation, and those provisions are to be read into the bond as its terms and conditions. . . . These provisions are a part of the bond of which both principal and surety must take notice." [State ex rel. v. Rubber Mfg. Co., 149 Mo. l. c. 212.] "In order to get at the scope of this bond the statute pertaining to the

subject-matter of county depositaries must be read into the bond, and the obligors must be held to contract with a view to those statutes (citing 149 Mo. l. c. 212). This does not strike down the hornbook propositions that the obligation of the surety should not be stretched or swollen by mere implication, and that sureties are favorites of the law and are entitled (subject to some qualifications) to stand on the terms of the bond, construed *strictissimi juris*. It merely puts the matter on a common-sense footing as between man and man by reading the written law into the bond, discerning the objects to be subserved by the bond, and getting at the true intent and meaning of the bond by applying its terms to the objects sought. The general language of the bond must be interpreted in the light of these considerations." [Henry County v. Salmon, 201 Mo. l. c. 162, 163.] "All statutory bonds are to be construed as though the law requiring and regulating them was written into them." [Zellars v. Surety Co., 210 Mo. l. c. 92.] This rule has been said to apply to the statutory provisions in Sections 1040, 1041, Revised Statutes 1919, with respect to bonds like that in this case. In Board of Education ex rel. v. Fidelity and Guaranty Co., 155 Mo. App. l. c. 115, it is said of such bond: "The bond in suit is a statutory obligation executed by authority of and in accordance with Sections 6761 and 6762, Revised Statutes 1899 (now Secs. 1040, 1041, R. S. 1919), and there can be no doubt of the proposition that by its execution these statutes became part and parcel of the obligation assumed by the surety" citing cases. The amendments of 1909 and 1911 do not affect the present question. And on the same question (pp. 118, 119) it was said: "But if the statutes so provide, then the obligation is to be enforced notwithstanding the omission to nominate the particular obligation in the written instrument, for of such statutes the parties are deemed to have had notice and to have contracted accordingly." In the following sentence the court suggests the present statute is broader than that before it in the case it was deciding. "The gen-

eral rule is that, where a contract of suretyship is entered into pursuant to a statute or to a by-law, the statute or by-law forms a part of the contract. If the law has made the instrument necessary, the parties are deemed to have had the law in contemplation when the contract was exe-cuted.'' [Child's Suretyship & Guaranty, sec. 91, pp. 122, 123; Pingrey on Suretyship & Guaranty (2 Ed.) sec. 321a, pp. 329, 330, citing Henry County v. Salmon, supra; Spencer on Suretyship, sec. 259, pp. 362, 363.] It is obvi-ous the parties were acting under the statute, and it is clear there was no other legal obligation resting upon them which called for a bond of any kind. The cited rule is applicable, and the bond given, when construed in its light, gives appellants an action upon it. It results that there was no actionable neglect on the part of respondents which renders them liable to appellants..

II.  The Court of Appeals held that the decision in School District v. McClure, 224 S. W. 831, announced a rule which requires the affirmance of this case, without regard to the principle considered in the preceding para-graph. That case is unlike this. There the court applied certain principles of construction which are applicable here; but in that case the district was obliged to take over the work and, in completing it, to expend sums in excess of the contract price. The contract in terms provided the district, in stated circumstances, might take over the work and complete the building, and the bond expressly secured the re-payment to the district of sums so expended in excess of the contract price. It was for such an excess of expenditures that the action in that case was brought. This court is of the opinion that the McClure case is not in point on the question in this case, to which it was cited by the Court of Appeals.

III.  There is persuasive authority for the view that, in circumstances like those in this case, a contract to pro-vide or furnish labor and materials is a contract to

provide them at the "proper cost, charge and expense" of the contractor. [MacKenzie v. Board of School Trustees of Edinburg, 72 Ind. l. c. 196; Mayes v. Lane, 116 Ky. l. c. 572, 573.] The United States Circuit Court of Appeals, for this circuit, in an opinion by SANBORN, J., in which Mr. Justice VAN DEVANTER (then circuit judge) and PHILLIPS, J., concurred (American Bonding Co. v. Pueblo Inv. Co., 150 Fed. 17), ably discussed the question. As was said in that case, it may be said in this that "these parties necessarily intended to provide by these stipulations that either" the school district or the contractor "should pay for the labor and material necessary to make these improvements." In speaking of certain decisions to the effect that a contract to furnish and provide labor and materials did not obligate the contractor to pay therefor, it was said: "The effect of these decisions is that an agreement to furnish work and material to the owner of property for a price which is commensurate with the full value thereof is performed when the contractor furnishes the work and material at the expense of the owner, so that the latter is compelled to pay for them twice while the former gets the price for little or nothing." Decisions are then cited showing that the result just stated "failed to commend itself" to other courts. It is apparent that unless the view of the court in that opinion is adopted, at least as between private individuals, a contract like that in this case would result in an absurdity. The language is susceptible of the reasonable construction given it by the Circuit Court of Appeals, and that construction ought to be adopted. That court also said that no intent to defraud laborers and materialmen ought to be attributed to the parties. In view of our statute and the attempt to comply with it, that suggestion has force in the construction of the contract in this case. When the contract is thus construed, then the sub-contractors have a right of action on the bond in this case for this reason also. The judgment is affirmed. All concur.