RALPH V. WILSON, Executor of the Estate of JOHN C. PLANE, Deceased, (Plaintiff) Respondent, v. RALEIGH R. BARNES, Defendant, EDWARD METZGER and ARTHUR E. METZGER, (Interpleaders) Appellants, No. 41102—221 S. W. (2d) 731.

Division Two, June 13, 1949.

Rehearing Denied, July 11, 1949.

Jerome F. Duggan, Edward A. Dubinsky and Dubinsky & Duggan for appellants.

*James A. Ryan, Gissler, Chopin & Boisaubin* and *Alfred L. Boisaubin* for respondent.

WESTHUES, C.—Plaintiff Wilson filed this suit as executor of the estate of John C. Plane, deceased, against defendant Barnes

to recover a judgment on three notes on which the sum of $9,977.35 was due. Plaintiff also caused a writ of attachment to be issued. Under this writ ten airplanes valued at over $8,000 were seized and levied upon. These airplanes are the subjects of dispute in this lawsuit. Appellants, Edward Metzger and Arthur E. Metzger, filed an interplea claiming to be the owners of these planes. This case was tried before the court, a jury having been waived. The trial court found for the plaintiff and the interpleaders appealed.

The evidence reveals the following: Defendant Barnes was doing business under the name of Truck and Auto Sales Company. He frequently purchased property from the War Assets Administration, sometimes for himself and at other times as agent for others. He had on a number of occasions acted for the interpleaders. In September 1946, Barnes went to Jackson, Tennessee, and inspected the ten planes involved in this suit. The planes were purchased and later flown to St. Louis, Missouri. Bills of sale, dated September 1946, were issued to Truck and Auto Sales Company, the name under which Barnes transacted business. The planes were attached under plaintiff's writ on April 22, 1947.

The interpleaders contend that through a mistake the War Assets Administration issued the bills of sale in the name of Truck and Auto Sales as grantee and that the name of the grantee should have been Metzger Auto Sales. To support their contention the interpleaders introduced evidence showing that their check was issued in payment of the purchase price; that on October 6, 1946, Barnes, as Truck and Auto Sales, gave the interpleaders a bill of sale for all these airplanes. It was also shown that a separate bill of sale was executed by Truck and Auto Sales, dated October 6, 1946, signed and acknowledged on November 3, 1947, and recorded in Washington, D. C. on November 10, 1947. The defendant Barnes testified that he purchased the planes for the interpleaders and that his name or the name under which he did business should not have been inserted in the bill of sale. The plaintiff introduced evidence given by a witness named John Krieger, Vice-president of Aro Trans Plenesta Del Surestes, S.A., a Mexican corporation. This witness testified that in January and February, 1947, he entered into negotiations with defendant Barnes for the purchase of these planes. His testimony concerning the ownership of the planes was that 'Barnes informed him, " 'Those planes are mine, and I can support them by a War Assets bill of sale, and I have them, and they are in my name, and Mr. Metzger financed them and I gave Mr. Metzger a chattel mortgage to those airplanes.' " Krieger further testified he made some investigation while in Tennessee and found the planes were in the name of Truck and Auto Sales Company.

There was no evidence to justify a finding that plaintiff had any personal knowledge that the Metzgers claimed ownership of the

planes. Plaintiff relies upon the federal recordation section of the Civil Aeronautics Act, in particular, Sec. 503 (b), 52 Stat. p. 1006, which reads as follows:

"No conveyance made or given on or after the effective date of this section, which affects the title to, or interest in, any civil aircraft of the United States, or any portion thereof, shall be valid in respect of such aircraft or portion thereof against any person other than the person by whom the conveyance is made or given, his heir or devisee, and any person having actual notice thereof, until such conveyance is recorded in the office of the secretary of the Authority. Every such conveyance so recorded in the office of the secretary of the Authority shall be valid as to all persons without further recordation. Any instrument, recordation of which is required by the provisions of this section, shall take effect from the date of its recordation, and not from the date of its execution."

It is evident from the record that the separate bills of sale, recorded on November 10, 1947, were signed and executed after the planes had been attached. It is evident that plaintiff did not have constructive knowledge of the Metzgers' claim of ownership. Cases cited by appellants dispose of this point. In United States v. United Aircraft Corporation, 80 F. Supp. 52, l. c. 54(5), the court said:

"We, therefore, now have a Federal law governing the validity of such conveyances. The statute, by its recordation requirement, voids as to third parties, without actual notice, conveyances not recorded. The principles of fraudulent conveyance of personalty without transfer of possession are to be applied except so far as notice to third persons has been given in accordance with the terms of the Federal statute."

See also In re Veterans' Air Express Co., Inc., 76 F. Supp. 684. The record also justifies the inference that Barnes was the owner of the planes on the date the attachment was served. The War Assets Administration had vested him with title; he had possession of the planes and handled them as his own. Barnes obtained the permits to fly the planes to St. Louis. Subsequently he was attempting to sell the planes. He was engaged in that kind of business.

The vital question in this case is one of fact. The trial court found for the plaintiff. On appeal such a case is reviewable de novo. Baerveldt and Honig Construction Co. v. Dye Candy Co., 357 Mo. 1072, 212 S. W. (2d) 65 (1, 2).

The record in this case does not justify this court's setting aside the finding and judgment of the trial court. We find ourselves in accord with the conclusions of the trial court.

The judgment is, therefore, affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.