No. 37,780

JACK MARSHALL, *Appellant*, v. (L. F. BARDIN and JOSEPH SLAGER, doing business as Central Airpart Company and Central Airparts, Inc., Defendants). RAY ANDERSON (Interpleader), *Appellee.*

(216 P. 2d 812)

Opinion filed April 8, 1950.

*Donald C. Little,* of Kansas City, and *Burr S. Stottle,* of Kansas City, Mo., argued the cause for the appellant.

*Claude L. Rice,* of Kansas City, argued the cause, and *Mary Jane Keller,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action involves the title to an airplane.

The controversy is between the plaintiff, Jack Marshall, and an intervenor, Ray Anderson. Judgment was for the latter and plaintiff appeals. The defendants made no appearance in the action.

December 4, 1947, appellant instituted an action against certain defendants to recover the balance of money claimed to be due and attached the airplane as the property of the defendants, L. F. Bardin and Joseph Slager, partners doing business as Central Airparts Company. The original petition of appellant is not set forth but the foregoing facts are undisputed.

May 10, 1948, intervenor filed a verified amended interplea. In the journal entry of judgment the court found the allegations of that

interplea were true. Appellee relies upon facts therein contained and we shall, therefore, set out the interplea in full. It follows:

"COMES NOW Ray Anderson, Interpleader herein, and for his amended cause shows the court:

"1. That he is a resident of the State of Missouri and his correct post office address is Berkshire Hotel, Kansas City, Missouri.

"2. That on the 4th day of December, 1947, he was the owner of and in possession of one Cessna aircraft, serial No. 6103 (NC-5663N), having acquired such ownership and possession as follows:

"a. On October 9, 1947, the said aircraft was in the possession of the Mississippi Valley Aircraft Service, Fletcher Field, Clarksdale, Mississippi, subject to a mechanic's lien in the amount of $3,057.53 for labor, materials and service performed by the Mississippi Valley Aircraft Service as shown by the attached statement marked Exhibit 'A' and made a part hereof by reference; and

"b. Between October 9, 1947 and October 18, 1947, L. P. Bardin advised this Interpleader that the said aircraft was subject to the lien of the Mississippi Valley Aircraft Service; that neither he nor the Central Air Parts, Inc., desired to discharge such lien, and that this Interpleader could have the said aircraft if he would pay the Mississippi Valley Aircraft Service the full amount of their claim; and

"c. On October 18, 1947, this Interpleader purchased from the Bank of North Kansas City their cashier's check No. 6759 in the amount of $3,057.53, payable to the Mississippi Valley Aircraft Service for the purpose of discharging said mechanic's lien; a photostatic copy of said check and an affidavit of the assistant cashier of said bank are attached as Exhibit 'B' and made a part hereof by reference; and

"d. Within a day or two following October 18, 1947, your Interpleader sent his employee, Fielding Schultz, to Clarksdale, Mississippi, to deliver the check and to take possession of the said aircraft; said employee did deliver the said check and did take possession of the said aircraft and returned the said aircraft to this Interpleader at Kansas City, Missouri, where it remained until December 3, 1947; and

"e. No written evidence of title other than those documents referred to above were executed or delivered to this Interpleader; and

"3. That on December 3, 1947, this Interpleader telephoned Mr. Charles Toth of the Toth Aircraft and Accessories Company and requested permission to hangar said aircraft in the hangars of the Toth Aircraft and Accessories Company on Fairfax Airport in Wyandotte County, Kansas; such permission was granted and this Interpleader directed Mr. Fielding Schultz, his employee, to fly said aircraft to Fairfax Airport and to store it in the hangars of the Toth Aircraft and Accessories Company; Mr. Schultz did fly the said aircraft to Fairfax Airport and did store it in the hangars of the Toth Aircraft and Accessories Company. No written agreement or memorandum was entered into between this Interpleader and the Toth Aircraft and Accessories Company; the aircraft was stored under an oral agreement in accordance with the custom of the trade to pay the usual storage charges. The affidavits of Mr.

Fielding Schultz and Mr. Charles Toth are attached as Exhibits 'C' and 'D' and made a part hereof by reference; and

"4. That on the 4th day of December, 1947, the Plaintiff herein filed a petition and affidavit and caused an order of attachment to be issued to the Sheriff of Wyandotte County, Kansas; and pursuant to the said order of attachment the Sheriff of Wyandotte County attached the said aircraft; and

"5. That this Interpleader is not indebted to the Plaintiff herein and the Plaintiff has no claim of any kind against this Interpleader, and this Interpleader is entitled to immediate possession of said airplane.

"6. That the said aircraft was owned and possessed by this Interpleader as set forth above on the 4th day of December, 1947, at the time it was attached by the Sheriff of Wyandotte County, Kansas; that the attachment was wrongful and should be dissolved.

"WHEREFORE, Interpleader prays that the court ordered the attachment heretofore issued and levied in this case be dissolved and that the above described aircraft be returned to the possession of this Interpleader."

On May 25, 1948, appellant demurred to the interplea. The ruling thereon was reserved until final judgment when the demurrer was overruled. Before judgment was rendered and on July 26, 1948, appellant filed his unverified answer to the verified amended interplea, previously set forth, admitted paragraphs 1 and 4 and denied all other allegations of the interplea. January 4, 1949, appellant filed an amended petition and had a new attachment issued. In the latter petition appellant made Central Airparts, Inc., an additional party defendant. He alleged that about November 1, 1947, the defendants employed him to make repairs on three airplanes owned by them (other than the plane in question) located at Clarksdale, Miss.; he made the repairs at the agreed price of $7,500 plus expenses; the balance due was $2,622.90 for repair work done at Clarksdale; defendants on demand refused to pay the balance due.

As previously stated, defendants filed no pleadings. The issues between plaintiff (appellant) and intervenor (appellee) were tried and the court found:

"FIRST, that the statements contained in the interpleader's Amended Interplea are true;

"SECOND, that at the time the attachments herein were issued, interpleader was the owner of and in possession of the aircraft described as Cessna serial No. 6103 (NC 5663N)."

The principal questions argued in this case are (1) whether there was an actual bona fide sale by defendants to intervenor; (2) whether Bardin had authority from defendants to sell the plane; and (3) whether appellant had notice of appellee's purchase prior to the attachment.

This is essentially a fact case. This court, of course, does not try the facts *de novo*. It cannot determine the credibility of witnesses or reweigh the evidence. The only concern of this court under our practice is whether there is substantial evidence to support the findings made by the trier of the facts and not whether there is substantial evidence to support contrary findings if they had been made.

The parties argue about where the burden of proof rested. That is not very material in this case now. Much depended on what witnesses the trial judge believed and on what weight he attached to their testimony. If he believed appellee's witnesses, and an examination of the record indicates he must have, this court cannot say the proof was insufficient to sustain the findings made.

While some of the evidence on the subject of Bardin's authority to make the sale may not have been competent on the single theory of agency, apart from ownership, portions of it were competent on that theory. It must, however, be remembered appellant's amended petition alleged Bardin and Slager were partners; that the partnership and Central Airparts, Inc., defendants, were indebted to appellant on the contract appellant made with the defendants. Following the filing of appellant's amended petition he joined Central Airparts, Inc., as a party defendant and attached the property as the property of the defendants.

The entire record considered, this court cannot disturb the judgment. It is affirmed.