**PEOPLE, to Use of WILSON**
v.
**MOSLEY, Sheriff, et al.**

No. 43501.

Supreme Court of Missouri.
Division No. 2.

Dec. 14, 1953.

Motion for Rehearing or to Transfer to Court en Banc Denied Jan. 11, 1954.

Jerome F. Duggan and Edward A. Dubinsky, Dubinsky, Dubinsky & Duggan, St. Louis, for appellants.

Chopin & Boisaubin, Alfred L. Boisaubin, James A. Ryan, St. Louis, for respondent.

WESTHUES, Commissioner.

This is a suit on a bond given by the appellants to the Sheriff of St. Louis County, Missouri, for the release of attached property. The defendants, Edward R. Metzger, Arthur E. Metzger, and the National Surety Corporation, are the appellants on this appeal. The Metzgers were interpleaders in a suit wherein Ralph V. Wilson, as executor of the estate of John C. Plane, was plaintiff and Raleigh R. Barnes was defendant. Plaintiff Wilson in that case obtained the issuance of an attachment and ten airplanes were attached as Barnes' property. The Metzgers filed a claim with the sheriff alleging that they were the owners of the planes. They posted a bond of $20,000 with the sheriff, the National Surety Corporation being the surety on the bond for the delivery of the planes to the Metzgers. The Metzgers filed an interplea claiming ownership of the planes. A trial resulted in a judgment in favor of the executor Wilson against Barnes in the sum of $9,977.35. The court also found that Barnes and not the Metzgers was the owner of the planes. That judgment was affirmed by this court. See Wilson v. Barnes, 359 Mo. 352, 221 S. W.2d 731. After the mandate of this court was filed in the circuit court, an execution was issued and the sheriff made a non est return. The plaintiff Wilson then proceeded to collect on the bond executed by the defendants, appellants in this case. A trial was had before the court without a jury and the court entered a judgment for the penal sum of the bond to be satisfied on the payment of the judgment of $9,977.35 with interest on said sum at 6% per annum from October 27, 1949, the date when the original judgment was entered. An appeal was taken to this court.

In the points briefed by the appellants, it is claimed that the bond they executed

was void; that it was without consideration and against public policy. The appellants obtained ten planes which the sheriff held under an attachment for the benefit of a creditor by posting a bond prepared by the appellants. After a final judgment holding the planes belonged to the judgment debtor and that appellants owned no interest therein, they attempted to escape liability on the bond on the theory that the bond the sheriff took from them was void when given.

They say further that the negligence of the sheriff in taking a void bond "is imputed to execution creditor," and the creditor has an "action for damages against the sheriff for neglect of duty." Appellants say that the surety company "As surety is favorite of the law, his undertaking should be strictly construed according to the instrument." Comment is unnecessary so we proceed to attend to the law applicable to the situation.

■ In answer to appellants' contention that the bond was void, we need only to cite the statute, Section 521.260 RSMo 1949, V. A.M.S., which requires the sheriff before parting with possession to take a bond from anyone claiming the property attached. With reference to lack of consideration, we need only to point out that appellants obtained possession of airplanes of an agreed value of $10,000 when the bond was given. That was ample consideration. Was this bond void as against public policy? If the bond was given as required by statute, it certainly was not against public policy. Appellants prepared the bond and we assume that they attempted to comply with the statute. Certainly, appellants do not desire to take the position that they intentionally gave a bond that was void and thereby committed a fraud upon the sheriff. With that in view, let us examine the bond. After a recitation of the facts in the forepart of the bond that Wilson had filed a suit against Barnes and that an attachment had been issued and the airplanes were attached, the bond reads as follows:

"And Whereas, all of said property was claimed by Edward Metzger and Arthur E. Metzger according to the third section of the act of the General Assembly of the State of Missouri, entitled 'An Act concerning the duties of the Sheriff and Marshal in the County of St. Louis, in relation to the levy and sale of such property under execution or attachment, as may be claimed by third persons,' approved March 3d, 1855, and Art. 1, Chapter 8, R.S.Mo. 1939, and in the manner therein mentioned. Now, if the aforesaid Edward Metzger and Arthur E. Metzger shall indemnify said Arthur C. Mosley Sheriff, against all damages and costs which he, said Arthur C. Mosley Sheriff may sustain in consequence of such levy, and in consequence of any sale of the property aforesaid, which may be made under or by virtue of said writ, and moreover shall pay to and satisfy said claimant, and any person or persons claiming title to said property, all damages which said person or persons may sustain in consequence of such levy and in consequence of any sale as aforesaid, then this obligation shall be null and void; otherwise it shall remain in full force and virtue."

■ The third section of the act of the Legislature approved March 3, 1855, referred to in the bond, may be found in the Sessions Acts of 1854–55, pp. 464–466. In so far as applicable to this case, that section authorized the Metzgers to claim the airplanes as their property under a claim of ownership. Art. 1, Chapter 8, RSMo. 1939, is now Title 36, Chapter 521, V.A.M.S. A photostatic copy of the bond is in the record. It shows that a printed form was used and the blanks filled in in typewriting. However, the words "and Art. 1, Chapter 8, RSMo 1939" were inserted with pen and ink. Section 521.260 of Title 36, supra, provides that a bond shall be given by any party claiming attached property before a sheriff is authorized to release the property to the claimant. By referring to the statute in the bond, the provisions of the statute became a part thereof as effectively as if they had been set forth in full. 11 C.J.S., Bonds, § 39, page 418, and § 40(e), pages 420, 421, where the rule is stated as follows: "The law at the time of the execution of a stat-

utory bond is a part of it; if it gives to the bond a certain legal effect, it is as much a part of the bond as if in terms incorporated therein. Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts." See also Fogarty v. Davis, 305 Mo. 288, 264 S.W. 879; State v. Vienup, 347 Mo. 382, 147 S.W.2d 627; State ex rel. Jefferson County v. Sheible, Mo., 163 S.W.2d 559, loc. cit. 560 (2, 3). In the Sheible case, this court reaffirmed the following principle of law: "Furthermore, the rule is established in this State 'where a bond is given in pursuance of a statute, courts will, in enforcing the bond, read into it the terms of the statute which have been omitted, and will likewise read out of it terms included in it that are not authorized by the statute.' State v. Wipke, 345 Mo. 283, 133 S.W.2d 354, 357; State v. Vienup, 347 Mo. 382, 147 S.W.2d 627.

"We had a case involving similar doctrines before us in Fogarty v. Davis, 305 Mo. 288, 264 S.W. 879, 880. In that case the court found that through inadvertence the wrong printed form of bond was used. However, it held that the statutory provisions intended must be read into the bond given, * * *."

█ Section 521.260, supra, provides that the bond given shall be "conditioned that the same shall be forthcoming when and where the court shall direct, and shall abide the judgment of the court." Applying the rules, as promulgated by the above authorities, pertaining to the interpretation and construction of statutory bonds, we hold the bond in question was a good bond and not against public policy. The parts of the bond in the printed form not applicable to the subject matter may be disregarded.

█ We disagree with appellants' statement that sureties are favorites of the law.

That rule applies to a limited extent to gratuitous bondsmen and not to bonds where the surety receives compensation. Citizens' Trust Co. v. Tindle, 272 Mo. 681, 199 S.W. 1025, loc. cit. 1029 (8); State ex rel. and to Use of Kaercher v. Roth, 330 Mo. 105, 49 S.W.2d 109, loc. cit. 111 (7), and authorities there cited.

After the mandate of this court was filed in the circuit court, plaintiff Wilson filed a motion for judgment against the appellants in this case. He also filed a motion to have the sheriff assign the bond to plaintiff. The appellants filed motions to quash the motion for judgment. While these motions were pending, Wilson, the plaintiff, withdrew the motions filed by him. Thereafter, this suit was filed to enforce the bond.

█ Appellants claim that the withdrawal of the motions by plaintiff amounted to a dismissal with prejudice and, therefore, plaintiff's petition should have been dismissed. Defendants cite Hughesville Mercantile Co. v. McGruder, 132 Mo.App. 387, 111 S.W. 1179, 1180, as authority. That case does not sustain appellants' contention. In that case, the justice of the peace before whom the case was pending, did not make an order directing the constable to assign the bond to the plaintiff. The bond was assigned by the constable at the request of plaintiff's lawyer. In the case before us, the trial court by its judgment assigned the bond to plaintiff. The court in the course of the opinion in the Hughesville case, supra, held that the bond was not in compliance with the statute and added, "It is true it is assignable as other obligations, and the assignee would have the right to maintain an action thereon at law, but not by motion." It seems to us the case is authority against the appellants' contention.

█ This case, as above-mentioned, was tried by the court without a jury and is, therefore, reviewable de novo. An examination of the record and the evidence has convinced us that the trial court was right in finding for the plaintiff.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court.

All concur.