**PACIFIC FINANCIAL CORPORATION,**
Appellant,

v.

**CENTRAL BANK & TRUST COMPANY,**
Appellee.
No. 18843.

United States Court of Appeals
Fifth Circuit.
Dec. 7, 1961.

Herbert A. Warren, Jr., Hilton R. Carr, Jr., and Carr & Warren, Miami, Fla., for appellant.

Frank M. Marks, of Pallot, Marks, Lundeen, Poppell and Horwich, Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

BELL, Circuit Judge.

Appellant arranged to purchase an airplane from one Constain and negotiated an irrevocable letter of credit with the bank, appellee here, in the amount of $50,000.00 in favor of Constain to be paid on draft accompanied by a "certificate of title issued in blank" to one C–46 "Curtiss Commando" airplane. The bank paid the draft, accepting instead a "bill of sale issued in blank" with the approval of the assignee of the "document of title" to be received under the letter of credit, and upon receiving a declaration of receipt of the airplane signed by two officers of appellant which declaration authorized payment of the draft upon receipt of the bill of sale.

Appellant, claiming never to have received the airplane, brought suit against the bank to recover the purchase price of a letter of credit alleging breach of contract and negligence in that the bank honored the draft without receiving the "certificate of title issued in blank" as required under the terms of the letter of credit.

The bank denied breach of contract and negligence, and asserted affirmatively that there was no such instrument as a "certificate of title" in regard to ownership of aircraft and that in usage that term was interchangeable with "bill of sale," that the plaintiff was estopped by virtue of the declaration of receipt of the airplane which declaration provided that Constain should be paid upon delivery of a bill of sale to the bank, and that plaintiff was estopped because of the irrevocable assignment prior to payment of the document of title to be received under the letter of credit.

This appeal is from a final judgment entered upon a jury verdict returned in favor of the bank. Appellant contends, (1) that the court erred in refusing to instruct the jury that the acceptance of a bill of sale where the letter of credit specified "certificate of title issued in blank" constituted a breach of contract entitling the plaintiff to recover any damages sustained; (2) in refusing to instruct that a certificate of title is a

document issued by a governmental agency which document reflects the name of the person who is the registered owner; (3) in refusing to instruct the jury as to the difference between a certificate of title and a bill of sale when the jury requested such clarification; (4) and in refusing to instruct the jury that if the terms of the letter of credit were impossible of performance, then no contract existed and the bank would have no authority to pay out any money under the letter of credit.

Additional pertinent facts were developed by stipulation and on the trial, Messrs. Varella and Szrogovich were officers of appellant, a corporation of the Republic of Panama, and Compania Colombiana de Aviacion, a corporation of the Republic of Colombia. Mr. Varella was a principal owner in both. They executed, according to the bank, the declaration of receipt of the airplane due under the letter of credit and authorized the acceptance of the bill of sale. On direct examination Mr. Varella did not refer at all to the declaration. The bank introduced the declaration into evidence and on rebuttal Mr. Varella admitted his signature but swore that the paper was signed in blank on letterheads of the Compania Colombiana de Aviacion the year before the paper was used in order that Mr. Constain could extend certain licenses for airplanes with the Colombian government. Mr. Varella also testified that he had previous dealings with Mr. Constain and had paid a total of $240,-000.00 for two airplanes which were never received and this transaction has to do with the purchase of a third plane. Mr. Szrogovich did not testify so we are not enlightened as to how his signature came to be on the declaration of receipt.

. The letter of credit was dated February 14, 1956. On February 16, 1956 appellant assigned in writing to Gus De-Maio the document of title to be received under the letter of credit and, in the event the document was not forthcoming within the validity of the letter of credit which expired on May 13, 1956, the $50,000.00 due under the letter of

credit. There was no evidence that the bank knew this was not an irrevocable assignment as it appeared on its face or that it was in any way given as security. DeMaio was an aircraft repairman. The bill of sale was dated April 16, 1956. DeMaio testified that his only hesitancy in accepting the bill of sale as the document of title under the letter of credit had to do with the fact that he did not know the whereabouts of the airplane, and that he did accept the bill of sale under the assignment and acknowledged receipt of it.

The draft was accompanied by a commercial invoice showing a sale of the airplane by Constain to appellant. The evidence also included a contract between Szrogovich and Varella acting on their own and as representatives of Compania Colombiana de Aviacion, Constain acting on his own and as representing a named Colombian company, and DeMaio regarding the airplane in question and agreeing that it would be reconditioned by DeMaio and returned to Colombia and that in the meantime DeMaio would retain the bill of sale to the plane and be the legal owner thereof until certain payments had been made to DeMaio by Constain and the corporation represented by him. It was stipulated that DeMaio, not having received the airplane in question under the bill of sale, went to Colombia to demand payment of a loan which he had guaranteed, to secure which guaranty the assignment was made, and the contract was the culmination of this demand. Constain then wrote Messrs. Varella and Szrogovich enclosing two copies of this contract and advising that they were to pay his company within ninety days for the transaction with Mr. DeMaio and the airplane would be theirs; otherwise it would be sold with balance going to them after paying obligations. This all occurred after appellee paid the draft.

The bill of sale in blank was on Civil Aeronautics Administration Bill of Sale Form Number ACA-500, Part C, which states that an aircraft may only be registered in the name of the owner.

This accords with the statute, 49 U.S.C.A. § 521(b) (1), (c). There is no such instrument as a certificate of title under the applicable federal statutes, 49 U.S.C.A. §§ 521–523. There is a certificate of registration but there appears to be no provision for the issuance of such a certificate in blank. Congress has pre-empted the field of aircraft registration. United States v. United Aircraft Corp., D.C.Conn., 1948, 80 F.Supp. 52; Blalock v. Brown, 1949, 78 Ga.App. 537, 51 S.E.2d 610, 9 A.L.R.2d 476. Thus it is that the court could not charge the jury that a certificate of title is a document issued by a governmental agency reflecting the name of the person who is the registered owner of the aircraft, and could not instruct the jury as to the difference between a bill of sale and a certificate of title.

The court correctly instructed the jury that the bank was required to strictly comply with the terms of the letter of credit. Crocker First National Bank v. DeSousa, 9 Cir., 1928, 27 F.2d 462. However, it would have been error to have directed a verdict on the basis of breach of the contract by the acceptance of the bill of sale in blank where the letter of credit specified a certificate of title in blank, leaving only the question of damages for the jury. This is the effect of the refused instruction on which appellant assigns error. This would have taken from the jury the affirmative defenses based on the assignment, and the declaration of receipt of the plane with the instruction to accept the bill of sale, both of which were supported by substantial evidence.

Nor was it error for the court to fail to charge that if the terms of the letter of credit were impossible of performance there was no contract and the bank could not pay out the money under the letter of credit. This charge would not have been adjusted to the evidence. The question was what appellant and the bank meant by "certificate of title issued in blank" and this question was properly submitted to the jury, along with the questions of negligence, whether the assignment took the matter out of the hands of appellant, and whether appellant was bound by the declaration of receipt and the instruction therein to accept the bill of sale. The errors assigned are without validity. The verdict of the jury is founded on substantial evidence. The judgment is

Affirmed.