**FIDELITY BANK, a National Association (formerly Fidelity National Bank and Trust Company of Oklahoma City, Oklahoma), a national banking corporation, Defendant-Appellant,**

v.

**LUTHERAN MUTUAL LIFE INSURANCE COMPANY, a corporation, Plaintiff-Appellee.**

No. 72–1024.

United States Court of Appeals, Tenth Circuit.

Aug. 22, 1972.

Rehearing Denied Sept. 22, 1972.

Ted D. Foster, Jr., Oklahoma City, Okl., for defendant-appellant.

Houston Bus Hill, Oklahoma City, Okl., for plaintiff-appellee.

Before BREITENSTEIN, HILL, and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellee Lutheran Mutual Life Insurance Company brought this diversity action against defendant-appellant Fidelity Bank of Oklahoma City, Oklahoma, to recover on a letter of credit issued by Bank. The trial court gave summary judgment for Lutheran and Bank appeals.

Four Seasons Equity Corporation and a related company, neither of which are parties to this action, constructed and operated nursing homes. In December, 1969, Four Seasons considered the purchase of property in the Town of Caledonia, Racine County, Wisconsin, for the site of a nursing home. A rezoning problem developed and the site was abandoned. In January, 1970, Four Seasons selected and offered to purchase another site, this in the Town of Mt. Pleasant, Racine County, Wisconsin. The property was rezoned and Four Seasons purchased the site in March, 1970.

Four Seasons then negotiated with Northland Mortgage Company for financing to construct the nursing home. Northland, which is not a party to this action, secured a loan commitment from Lutheran on March 18 in the amount of $525,000 to finance construction. The property was designated as located at Racine, Wisconsin, with the exact legal description to be furnished later. The commitment contained this condition:

"Stand-by deposit of $10,500. This amount can be either a cash deposit or an irrevocable letter of credit. We reserve the right to approve the form and the banking institution. Said deposit to be returned when the loan is completed, but if the loan is not completed by the borrower according to the terms of the commitment, said deposit shall be retained as liquidated damages."

On March 31, Bank issued an irrevocable letter of credit to Northland in the amount of $10,500. It is stated therein that:

"This letter of credit is given for the benefit of the Four Seasons Equity Corporation to serve as a standby deposit of $10,500.00 to guarantee their consummation of a loan of $525,000.00 on real property described as follows: [here follows a description of property "in the Town of Caledonia, Racine County, Wisconsin"]."

Northland assigned the letter of credit to Lutheran. Later in 1970, bankruptcy proceedings were brought against Four Seasons. The loan was never completed. On October 15, Lutheran by letter to Bank demanded payment of the $10,500 and enclosed the release required by the

letter of credit. Bank refused payment, apparently on the ground that the misdescription absolved it of liability.

■ In connection with the opposing motions for summary judgment, there were submitted the loan commitment, the letter of credit, various letters with their enclosures, two affidavits and a deposition of a vice-president of Bank, three affidavits with various attachments sworn to by employees of Four Seasons, and one affidavit of a Northland employee. Bank moved to strike portions of the affidavits of Brown and Major which were submitted by Lutheran. Error is asserted in the action of the court in granting summary judgment for Lutheran without ruling on the motion to strike. We find nothing in the attacked portions of the affidavits which is material or relevant to the disposition of the issues and we assume that the trial court ignored such portions just as we do. Orderly procedure would have been to dispose of the motion to strike before granting summary judgment, but failure to do so does not affect the validity of the summary judgment.

The record does not show how or why the misdescription got into the letter of credit. Where the fault may lie, it is with either Four Seasons or Bank, not with either Northland or Lutheran. As the case is presented to us there is no dispute that Lutheran made a loan commitment to Four Seasons to cover a business property at Racine, Wisconsin; that no legal description was given of that property; that the site was in Mt. Pleasant, Racine County, and not in Caledonia, Racine County; that Caledonia and Mt. Pleasant are suburbs of Racine; that Bank issued the letter of credit containing the description of the Caledonia property; that the loan was not completed because of the failure of Four Seasons to comply with the conditions of the loan commitment; that Lutheran demanded payment under the letter of credit and supplied to Bank the necessary papers; and that Bank refused payment.

■ ■ The letter of credit comes within the definition of that term in the Oklahoma version of the Uniform Commercial Code. See 12A O.S.A. §§ 5–102, 5–103. A letter of credit provides a method of payment through banking channels and defines the terms and conditions upon which payment will be made. Venizelos, S.A. v. Chase Manhattan Bank, 2 Cir., 425 F.2d 461, 464. It is a primary obligation between the issuer and the beneficiary. Asociacion de Azucareros de Guatemala v. United States National Bank of Oregon, 9 Cir., 423 F.2d 638, 641. The letter of credit with which we are concerned was assignable because drafts drawn under it were negotiable. See 12A O.S.A. § 5–116, and Decker Steel Co. v. Exchange National Bank of Chicago, 7 Cir., 330 F.2d 82, 83. Indeed, Bank does not question assignability.

Bank issued the letter of credit as a service for a depositor, Four Seasons, and relied on the net worth of Four Seasons for security. The property which was to be the subject of the loan was not security for the letter of credit. The purpose of the legal description was to enable Bank to determine when it was required to perform. Performance was conditioned on a "release of all liability of Four Seasons Equity Corporation executed by Northland Mortgage Company and Lutheran Mutual Life Insurance Company." The showing of Lutheran that it tendered such a release is not contested by Bank.

This is not an action by Four Seasons to reform the contract. Neither is it an action by Bank to rescind. Rather it is an action by Lutheran, the third party beneficiary of the contract, to enforce its rights. The noncompletion of the loan was the fault of Four Seasons and the letter of credit was given to protect Lutheran against such fault. The good faith of Lutheran is not questioned.

It is impossible to say from the record just who made the mistake. If the fault is that of Bank, it cannot escape liability because of its error. We must direct our inquiry to the effect of either mu-

tual mistake or unilateral mistake of Four Seasons. We believe that in either event, Lutheran is entitled to recover.

■ The rule pertaining to mutual mistake is that "a contract executed under a mutual misapprehension as to a material fact going to the essence of the contract may be avoided, provided no right has been acquired in due course." Davies v. Lahann, 10 Cir., 145 F.2d 656, 660. If we have a unilateral mistake on the part of Four Seasons, Bank could rescind in an action between it and Four Seasons upon a showing that the fact as to which the mistake is made goes to the basis of the transaction, and was known to the other party to the transaction. Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 532. The rule has no application because here we have an action by a third party beneficiary which has changed its position in reliance on the letter of credit. Cf. Britton v. Groom, Okl., 373 P.2d 1012, 1015, and Restatement, Restitution, § 16, p. 76. Our question is the right of Lutheran to recover, not the right of Bank to rescind. Whatever may be the rights of the Bank against Four Seasons, they are not pertinent here.

■ The misdescription was in a clause reciting the purpose of the letter of credit. Bank was obligated to pay on tender of the requisite release. Operative provisions of a contract, if clear and unambiguous, are not controlled by recitals. Thomas v. Dancer, Okl., 264 P.2d 714, 717–718. The error in the recital clause cannot create doubt, which would not otherwise exist, concerning the effect of the operative portions of the letter of credit. Wilson v. Towers, 4 Cir., 55 F.2d 199, 200. In our opinion, the misdescription, be it mutual mistake or unilateral mistake of Four Seasons, does not absolve Bank of liability to Lutheran.

■ Bank argues that Lutheran may not recover because there may be no modification of the letter of credit. Section 5–104(1), 12A O.S.A., provides in part: "A modification of the terms of a credit or confirmation must be signed by the issuer or confirming bank." No modification of the letter of credit has occurred. The previously executed loan commitment refers to a loan on property in Racine, Wisconsin, without any legal description thereof. Even if there had been a modification of the loan commitment, and the record shows none, the loan commitment and the letter of credit were separate contracts. Where the letter of credit is complete in itself no reason exists to consider the underlying contract. Lamborn v. National Bank of Commerce of Norfolk, 276 U.S. 469, 474, 48 S.Ct. 378, 72 L.Ed. 657. Bank is required to comply with the terms of the letter of credit. Dulien Steel Products, Inc. of Washington v. Bankers Trust Co., 2 Cir., 298 F.2d 836, 840–841, and Pacific Financial Corp. v. Central Bank & Trust Co., 5 Cir., 296 F.2d 68, 71. We do not have a situation where either Northland or Lutheran has consented to modification of any contract. See Asociacion de Azucareros de Guatemala v. United States National Bank of Oregon, 9 Cir., 423 F.2d 638, 641. Indeed, there has been no modification.

In the final analysis, the letter of credit was issued to assure the compliance by Four Seasons with one of the conditions of the loan commitment. Lutheran, as the assignee of Northland, was the beneficiary of the letter of credit. The loan was not completed through no fault of Lutheran or Northland. Lutheran submitted to Bank the release required as a condition of payment. Nothing in the record shows that Bank refused payment because of insufficiency of the release. In the circumstances, the argument of Bank that the description was material because it identified the transaction covered by the letter of credit is not persuasive. Nothing suggests that Four Seasons was engaged in the construction of more than one nursing home in Racine County or sought more than one loan on property in that county. No loan was completed on any Racine County property. Under the unmodified letter of credit, Bank is liable

to Lutheran and must pay. There is no genuine issue as to any material fact and Lutheran was entitled to summary judgment.

Affirmed.